MAUD I. NORTH, Appellant, v. EMMETT P. NORTH.—100 S. W. (2d) 582.

Division One, December 14, 1936.

*Cullen, Fauntleroy & Edwards* for appellant.

*Theodore Bruere, Jr., Amandus Brackman* and *James Booth* for respondent.

1230

FRANK, J.—This is an appeal from an order of the Circuit Court of the City of St. Louis, modifying a divorce decree as to the allowance made to the wife, which the divorce decree denominates alimony.

The divorce case was tried on July 13, 1926. The court found that plaintiff was the innocent and injured party, granted her a divorce and entered judgment in her favor and against defendant for the payment of alimony from month to month at the rate of $500 per month, so long as she remains single and unmarried.

On April 28, 1933, defendant filed in said cause a motion asking that the divorce decree be modified as to the amount of alimony awarded plaintiff, on the alleged ground that the changed financial condition of defendant warranted such action.

On June 30, 1933, after hearing, the court sustained defendant's motion to modify and reduced the allowance made to plaintiff in the decree, from $500 to $300 per month. Plaintiff appealed. Defendant died pending the appeal and prior to submission. The cause was revived in the name of Caroline North, executrix, who entered her appearance.

Prior to the rendition of the divorce decree, and on the same day the petition for divorce was filed, plaintiff and defendant entered into a written contract settling and adjusting all of their property rights between themselves.

The law is too well settled in this State to admit of dispute that husband and wife, in contemplation of a separation and divorce may, by valid contract between themselves, settle and adjust all property rights growing out of the marital relation, including the wife's right of dower and claim for alimony, support and maintenance. [Dorsett v. Dorsett, 90 S. W. (2d) 188, 194; Crenshaw v. Crenshaw, 276 Mo. 471, 208 S. W. 249; McBreen v. McBreen, 154 Mo. 323, 55 S. W. 463; In re Estate of Wood, 288 Mo. 604-5, 232 S. W. 671; Gilsey v. Gilsey, 195 Mo. App. 407, 193 S. W. 858; Young v. Thompson, 220 Mo. App. 1266, 290 S. W. 85; Rough v. Rough, 195 S. W. 501.] Postnuptial contracts of separation are not unlawful, and such contract, when lawfully made, are sufficient to bar alimony and dower. Authorities, supra.

Section 1355, Revised Statutes 1929 (Mo. Stat. Ann., sec. 1355, p. 1564), provides that when a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife, as, from the circumstances of the parties and the nature of the

case, shall be reasonable. This same statute provides that the court, on the application of either party, may make such alteration, from time to time, as to allowance of alimony and maintenance, as may be proper.

Three propositions appear to be clear, (1) that husband and wife in contemplation of separation and divorce may, by contract between themselves, settle and adjust all of their property rights growing out of the marital relation, (2) that the court adjudging a divorce to the wife shall make reasonable orders touching the alimony and maintenance of the wife, and (3) if an award of alimony is made, it is subject to future modification by the court.

The statute which authorizes the court to modify *an award of alimony*, does not authorize the modification of a legal contractual obligation which the husband assumes and agrees to pay his wife. So the question in this case is whether or not the $500 monthly allowance to the wife is *an award of alimony*. If it is alimony, it is subject to modification. On the other hand, if it is not alimony, but is a legal contractual obligation of the husband, then it is not subject to modification by the court. A proper determination of that question will settle this case.

The parties had a lawful right to settle all their property rights by contract between themselves which they did do. The contract is supported by a valid consideration. The legal duty of the husband to support his wife when she lived with him, and his duty to provide support and maintenance for her in case of a separation and divorce furnished a sufficient consideration for the contract. [Rough v. Rough, 195 S. W. 501, 504.] The wife did not lose her dower right in the husband's property by obtaining a divorce from him for his fault. [Sec. 331, R. S. 1929; Crenshaw v. Crenshaw, 276 Mo. 471, 208 S. W. 249.] As an additional consideration for the contract of settlement she agreed to release her dower right in his property.

Clauses two and ten of the contract constitute a plain agreement on the part of defendant to pay plaintiff the sum of $500 per month until her death or remarriage. By clause three of the contract defendant agrees to secure the monthly payments of $500 by executing his promissory note in the sum of $50,000 to the Mercantile Trust Company, the third party to the contract, and secure same by a deed of trust on certain named St. Louis real estate. The record shows that defendant performed this part of the contract by executing and delivering the $50,000 note and deed of trust in accordance with the provisions of the contract.

Clauses four and seven of the contract provide that in event the husband fails to make the $500 monthly payments as provided in the contract, or in event of his death prior to the death of his wife, the $50,000 note and deed of trust shall be indorsed by the Mercantile

Trust Company, without recourse, and delivered to the wife as her absolute property.

Clause ten of the contract provides that in event the wife should secure a divorce and remarry, or in event of her death prior to the death of the husband, the $500 monthly payments shall cease, and the $50,000 note and deed of trust held by the trust company shall be returned to the husband.

By clause eleven of the contract, the wife, in consideration of the provisions made for her, agreed to release the husband from any further obligation to pay alimony or support and maintain her, and further agreed to release and discharge the property and estate of the husband from all claims arising out of the marital relation, including dower, alimony and support.

There are other provisions of the contract which we do not regard as material to the issue upon which this case turns.

The contract in question is plain and unambiguous. There is no claim that it was the result of fraud or collusion. It is supported by a valid consideration. The legality of the contract is not attacked, and no effort is made to set it aside. Summed up, defendant's position is that the contract was merely a suggestion to the court as to what alimony should be allowed plaintiff, and although the court adopted the suggestion and decreed to plaintiff the same allowance which the contract provided for her, nevertheless, such decree was an award of alimony, and for that reason was subject to modification.

Defendant's contention cannot be sustained for two reasons, (1) because the contract expressly provides that in event of a divorce the contractual provisions made for the wife should be continued in lieu of alimony, and (2) because the decree on its face shows that the award was not an award of alimony.

Clause nine of the contract provides that in event the wife should bring a suit for divorce, the husband should continue to make the payments of $500 per month as provided in the contract, in lieu of or in full satisfaction of any claim for alimony by the wife. The decree awards to plaintiff what it calls alimony from month to month, at the rate of $500 per month, payable on the fifth day of each month, as long as the plaintiff remains single and unmarried. An award of monthly alimony to a wife so long as she remains single and unmarried might reach far beyond the death of the husband. Monthly alimony does not survive the death of the husband. The rule is stated in 1 Ruling Case Law, section 80, pages 933 and 934 as follows:

"Strictly considered, however, alimony awarded in conjunction with a final decree of divorce is essentially of the same character as the right of support which the wife loses by dissolution of the marriage. It is therefore difficult to see why the rights of a divorced wife should be greater than those she would have enjoyed had she not been divorced. . . . Consequently, although there is consider-

able conflict in the decisions, the preponderance of authority is to the effect that not even alimony awarded in connection with an absolute divorce survives the husband's decease.''

19 Corpus Juris, page 279, section 635, states the general rule as follows:

''It is generally held that the award of alimony should be made to her only during the joint lives of the parties, and also that a husband's obligations are not enlarged by a decree granting permanent alimony to continue during the natural life of the wife, or until the further order of the court, even though the decree also requires the husband to give security for payment of the alimony.''

[See, also, Keezer on Marriage and Divorce (2 Ed.), sec. 769; 2 Schouler on Marriage-Divorce-Separation and Domestic Relations (6 Ed.), p. 1995, sec. 1833.]

The contract between the parties provides that the husband shall pay the wife $500 per month until her death or remarriage in lieu of or in full satisfaction of any claim for alimony by her. The husband had a lawful right to make such a contract. 1 Ruling Case Law, section 81, page 935, states the rule thus:

''Furthermore the duration of a decree is frequently extended beyond the joint lives of the parties not as a result of statutory authorization, but by virtue of the agreement of the parties themselves. While it is true that husband and wife cannot lawfully enter into an agreement for divorce, yet it is well settled that the amount of alimony which the husband is to pay to the wife, the terms of the payment, and the length of time during which such payment is to continue, may be all arranged between them by consent, subject to the ratification of the court. Thus where by an agreement incorporated in the final decree, alimony is to be paid 'for so long as she may be and remain sole and unmarried,' and payment thereof is secured by a bond and trust deed binding not only the husband but his heirs and assigns, his estate continues to be liable for the payment thereof even after his decease, so long as his divorced wife remains unmarried. Similarly where by consent of the parties alimony is awarded for the natural life of the wife, it continues to subsist even after the husband's death.''

The provision in the decree awarding the wife $500 per month to continue so long as she remained single and unmarried (the same as that provided in the contract between the parties) justifies the conclusion that the decree was an approval of the contract, and not an award of alimony, because the court had no authority to make an award of alimony to continue so long as the wife remained single and unmarried, but did have authority to approve a contract between the parties containing that provision. The Maryland Court of Appeals decided a similar question in Dickey v. Dickey, reported in 58 A. L. R. 634. In that case, while the proceedings for divorce were pending,

it was agreed in writing that in event the wife' was granted a divorce, a proper allowance to her as permanent alimony would be twenty-five dollars per week, and that said sum should be paid to her until her death or remarriage. This agreement was approved by the court and provision was made for the wife in the decree in accordance with the contract. The decree called the allowance permanent alimony. In determining whether or not the allowance was, in fact, alimony, and whether or not it was subject to future modification that court said:

"This contract was made while testimony was being taken to ascertain the faculties of the husband in order to enable the court to decide what would be a proper allowance to the wife as permanent alimony. There is nothing in the record to indicate that there was any fraud or collusion in the divorce proceedings or in this agreement, which so far as we can judge, was executed in an honest effort to reach a fair equivalent or substitute for the permanent alimony, which the errant husband was bound to pay to an injured wife. It will be observed that the agreement to pay the stipulated sum was not limited to the life of the husband, but was to continue until the death or remarriage of the wife. There is no ground for the assumption that the parties, who were acting under advice of their counsel, did not know that the continuation of the husband's obligation to pay after his death was an extension of his duty to pay alimony, which ceases at the death of the husband, infra, and, so, this enlargement in point of time of the husband's obligation to pay alimony was doubtlessly reflected in the amount of the agreed weekly payment."

Continuing, the opinion further says:

"If, however, the allowance to the wife in the decree is the result of a previous agreement between the spouses and does not fall within the accepted definition of alimony, so that it would have been impossible for the chancellor to have allowed permanent alimony as the decree provides, then, notwithstanding the parties and even the court called it 'alimony,' the allowance for the wife in the decree was not alimony, and a court of equity has no power to modify the decree as in the case of an award of alimony, infra. The agreement by the husband to pay the wife a weekly sum of money until her death or remarriage did not limit his payments to the joint lives of the spouses, and hence was not what the court could have decreed as alimony; but this agreement providing the wife with a weekly stipend, without reference to whether or not the husband survived her, or they lived separate and apart, was properly incorporated in the decree."

[See, also, Carpenter v. Osborne (N. Y.), 7 N. E. 823; Galusha v. Galusha (N. Y.), 22 N. E. 1114; Henderson v. Henderson (Ore.), 48 L. R. A. 766; Moore v. Crutchfield (Va.), 116 S. E. 482: Emerson v. Emerson, 120 Md. 584; Pryor v. Pryor, 88 Ark. 302, 114 S. W. 700, 129 Am. St. Rep. 102, 108-9; Stanfield v. Stanfield, 22 Okla.

· 574, 98 Pac.· 334; Carr v. Carr (Iowa), 171 · N.· W.· 785; Savage v. ·. Savage, 141 Fed. 346.]

 ■  Some decisions say, without explanation, that an agreement · between husband and wife settling their property rights is not binding on the courts in a divorce action. Such a statement, without explanation, might be misleading. The law recognizes the right of husband and wife to contract between themselves, and in case of separation, to settle and adjust all their property rights, including dower, alimony and support. Where such contracts are free from fraud, collusion or compulsion, and are fair to the wife, the courts have no right to disregard them. 1 Ruling Case Law, page 925, section 73, states the rule as follows:

"Accordingly, under such circumstances, the amount of the allowance, its duration, and the manner of its payment may be arranged between husband and wife by mutual consent, and when they have fairly entered into such an agreement, the court should embody the same in its decree. It is erroneous to make a provision inconsistent with, and in disregard of, the terms on which the parties have agreed, for although a separation agreement does not bar a suit for divorce, if it makes suitable provision for the maintenance of the wife it may bar any claim for alimony on her part that is inconsistent therewith."

Defendant contends that although the parties agreed as to the amount of alimony to be awarded by the decree of the court, such contract did not take away the power of the court to modify alimony founded upon the agreement of the parties. The following cases are cited in support of this contention: Hayes v. Hayes, 75 S. W. (2d) 614; Brown v. Brown, 209 Mo. App. 416, 239 S. W. 1093; Kinsella v. Kinsella, 60 S. W. (2d) 747; Meyers v. Meyers, 91 Mo. App. 151.

We agree with the abstract proposition of law contended for, but it has no application to the facts of this case. When parties agree as to the amount of alimony to be awarded by the court, they are asking that an award of alimony be made and suggesting that it be made in the amount agreed upon. Such an agreement is not a contract settling property rights, and an award made pursuant thereto is an award of alimony, and for that reason is subject to future modification by the court. Such are the Meyers and Kinsella cases above cited. In the case at bar, the parties by valid written agreement settle and adjust all their property rights, including dower, alimony and maintenance. By the terms of the contract the husband gave the wife an allowance which the court would have had no authority to give her as alimony. The fact that the court approved the contract by decreeing to the wife the same allowance which the contract gave her. does not convert such allowance into alimony and thereby render it subject to future modification, although the decree calls it alimony. In the Brown case above cited. the decree awarded defendant $75 per month while she remained single and unmarried, pursuant to a con-

tract to that effect. In the Hayes case, supra, pursuant to an agreement between the parties, the decree awarded the plaintiff, among other things, the sum of $300 per month until such time as she should die or remarry. The marital duty of a husband to support his wife is upon him only during his lifetime, therefore, the court cannot compel him to make provision for its continuance after his death. However, a husband may voluntarily, by contract, make provision for support to continue after his death, if he sees fit to do so, and the court is authorized to approve such an agreement. The court could not have made the award which it did make in the Brown and Hayes cases, supra, but for the contract between the parties. Therefore, the decree in those cases was an approval of the contractual obligation of the husband to the wife, and not an award of alimony, in the sense in which the word "alimony" is used in the statute. For the reasons stated, our judgment is that the Court of Appeals erred in holding that the decree in those cases was subject to modification.

Defendant contends there is nothing before the court for review except the record proper for the reason that plaintiff did not save an exception to the order sustaining defendant's motion to modify the decree.

A motion to modify a divorce decree is in the nature of an independent proceeding, and the motion is treated as a petition in an original action. [Hemm v. Juede, 153 Mo. App. 259, 133 S. W. 620; Tossier v. Tossier, 33 S. W. (2d) 995; Steele v. Steele, 85 Mo. App. 224.] Appellate procedure does not require that an exception be saved to the rendition of a judgment under a petition in an original, independent action. Since a motion to modify a divorce decree is comparable to an original, independent proceeding, and since the motion is treated as the petition in the action, no exception need be saved to the order or judgment rendered under such a motion.

Our conclusion in the instant case is that the allowance made to the wife in the decree was, in effect, an approval of the contractual obligation of the husband to the wife, and not an award of alimony, and for that reason is not subject to modification. A modification of the decree would amount to a modification of the contract itself, which is not subject to revocation or modification except by consent of the parties thereto.

For the reasons stated, the judgment below should be reversed. It is so ordered. All concur.