LUCILLE BAER, RESPONDENT, v. ARTHUR B. BAER, APPELLANT.—138 S. W. (2d) 713.

St. Louis Court of Appeals. Opinion filed April 2, 1940.
Motion for rehearing denied April 16, 1940.

*Salkey & Jones, J. Sydney Salkey* and *Peter H. Husch* for respondent.

538

*Jacob M. Lashly, William H. Killoren* and *Robert G. Maysack* for appellant.

SUTTON, C.—On May 14, 1928, plaintiff, Lucille C. Baer, filed her petition for a divorce against defendant, Arthur B. Baer. She alleged indignities as grounds for a divorce, and asked to be awarded the custody of J. Arthur Baer II, a minor child born of the marriage. She did not ask for alimony, support or maintenance for herself, or for any allowance for the support and maintenance of the minor child. On the same day the petition was filed the court entered its decree, granting plaintiff a divorce, and awarding her the custody of the minor child, with the privilege of the defendant to have possession of the child at all reasonable times and for such reasonable periods of time as he might desire which would not interfere with the education and welfare of the child, and providing that the child should not be taken out of the State without the consent of both parties. Prior to the filing of the petition for a divorce, plaintiff and defendant entered into a written agreement, providing for the support of the plaintiff and the custody and support of the minor child. This agreement was not referred to in the divorce decree. Nor was any award made for the support of plaintiff or the child.

On October 21, 1930, plaintiff filed her motion to modify the decree with respect to the custody of the minor child and the support of the plaintiff and the child.

On December 30, 1930, defendant filed his motion to modify the decree with respect to the custody of the minor child.

On July 14, 1931, the court entered judgment, upon the motions to modify the decree, as follows:

"This cause having heretofore come on for further hearing, upon the plaintiff's and defendant's motions to modify the judgment and decree theretofore rendered and entered of record in this cause, the parties hereto having appeared at the hearing of said motions in their own proper persons, as well as by their respective counsel, and the evidence having been adduced and heard by the court, together with the oral and written arguments of counsel, and the court being now fully advised in the premises, doth find that on or about the 4th day of May, 1928, the parties, plaintiff and defendant, entered into a contract in writing, as follows, to-wit:

" 'Whereas, Mrs. Lucille C. Baer is about to institute a suit for divorce against her husband, Mr. Arthur B. Baer, it is thought desirable by the parties to agree upon the financial arrangements between

them and the custody of their child, J. Arthur Baer II, in the event a decree of divorce is awarded;

" 'Now, Therefore, This Memorandum of Agreement Witnesseth:

" '1. All of the stipulations and agreements hereof shall be contingent upon the entering of a decree of divorce between the parties.

" '2. The mother, Mrs. Lucille C. Baer, shall have the physical custody of the child, J. Arthur Baer II, except that during the summer vacations and holidays the child shall spend so much of said vacations and holidays with Mr. Baer as Mr. Baer shall desire; it being understood, however, that in respect to all matters affecting the welfare and health of the child both parties shall have an equal voice, and Mr. Baer is to have possession of the child at all reasonable times and for such reasonable periods of time as he may desire which will not interfere with the education and welfare of the child. The child shall not be taken out of the State without the consent of both parents.

" '4. Mr. Baer shall pay during the period that Mrs. Baer shall remain unmarried, for alimony and support, the sum of One Thousand Dollars ($1,000) per month, payable on the 1st of each month so long as he shall live.

" '5. In addition to the above, Mr. Baer, so long as he shall live, shall pay for clothing, doctors' bills, education, etc., of said child not to exceed One Thousand Dollars ($1,000) per year until the expense of his education may require an increased amount.

" '6. Mr. Baer, so long as he shall live, shall pay to Mrs. Baer, she remaining unmarried, the sum of One Thousand Dollars ($1,000) per year as expense money for traveling expenses for herself alone as and when she desires.

" '7. In addition to the above payment, Mr. Baer, so long as he shall live, shall provide the sum of Two Thousand Dollars ($2,000) per year for the summer vacation of Mrs. Baer, she remaining unmarried, and child and a nurse.

. . . . . . .

" '9. Mr. Baer agrees to create by will or declaration of trust a fund for Mrs. Baer, which, in the event of his death, shall yield an income equal to Fifteen Thousand Dollars ($15,000) annually during her life and while she remains unmarried.'

"The Court doth further find that said Memorandum of Agreement is now in full force and effect and shall so remain, except that it is ordered, adjudged and decreed that paragraph number two of said Memorandum of Agreement and the judgment and decree heretofore rendered and entered of record herein, touching the custody of the minor child of the parties hereto, J. Arthur Baer II, shall henceforth be for naught held and in lieu thereof the court doth order, adjudge and decree that defendant, Arthur B. Baer, shall be entitled to and be charged with the sole and exclusive custody and control of

the minor son of the parties hereto until the first day of September, 1931, and shall be privileged to take said minor child outside of the State of Missouri for such portion of said time as he deems proper. Should the defendant take said minor child to a summer resort outside the State of Missouri, during any portion of the time last above mentioned, the court finds that the best interest of the child, as well as of the parties hereto, requires that plaintiff do not spend her vacation during said time or any portion thereof, at the same resort as it would interfere with defendant's sole custody of said minor child during said time.

"Upon compliance by plaintiff with the orders and findings hereinabove set forth, she shall be entitled to and be charged with the custody and control of said minor child on and after the first day of September, 1931, and shall continue therein except as hereinafter provided."

Then follow provisions, covering about three pages of the record, respecting the custody of the minor child. No further reference whatever is made to the memorandum of agreement and nothing further is said respecting the support of the plaintiff or the minor child.

On May 11, 1938, plaintiff filed her petition for *scire facias* to revive the said modified decree, entered on July 14, 1931, with respect to "the provisions for alimony, maintenance and support."

Upon a hearing of the petition for *scire facias*, on November 9, 1938, it was "ordered, adjudged and decreed that the said judgment for alimony, maintenance and support of plaintiff contained in the said decree of July 14, 1931, be revived against defendant and the lien thereof continued according to law."

Defendant appeals.

Defendant contends that there can be no revival of the modified decree with respect to alimony, support and maintenance because no judgment was rendered therefor. Plaintiff contends that judgment was rendered in accordance with the agreement of the parties set forth in the modified decree.

In construing the modified decree, we should consider the nature and character of the agreement set out in the decree, as well as the language of the decree respecting it. We should also consider the fact that plaintiff did not ask for alimony in her petition for divorce, nor was the agreement mentioned or referred to therein; that the agreement was executed prior to the filing of the petition for divorce; that the agreement was not filed in court to be reduced to judgment when the divorce was granted; that there was no allowance made for the support of the plaintiff in the decree; that the provisions of the agreement for the support of plaintiff are contractual obligations; and that there is no provision in the agreement that it be filed and used as a basis for a judgment in the divorce suit. Consistent with

these facts the court disposed of the motions to modify, as follows: "The Court doth further find that said memorandum of agreement is now in full force and effect and shall so remain, except that it is ordered, adjudged and decreed that paragraph No. 2 of said memorandum of agreement and the judgment and decree heretofore rendered and entered of record herein, touching the custody of the minor child shall henceforth be for naught held, and in lieu thereof the court doth order, adjudge and decree," at great length matters concerning solely the custody of the child. There was no further reference to the agreement. There was no order that the defendant pay plaintiff one thousand dollars per month for her support, or three thousand dollars per year for traveling and vacation expenses, or any other amount. The agreement was not even ordered made a part of the decree. It seems clear from the language used that the court wanted it understood that it did not disturb or interfere in any way with the agreement of the parties, except that part of the agreement dealing with the custody of the child, so that in the event of noncompliance by defendant plaintiff would have her remedy in an action on the agreement. [See Welsh v. Welsh (Mo. App.), 93 S. W. (2d) 264.]

The provisions of the agreement for payments to plaintiff, amounting in the aggregate to $15,000 per year, so long as he shall live, and the further provision for a continuation of the annual payment of $15,000 after his death by the establishment of a trust fund, are clearly contractual obligations. [North v. North (Mo.), 100 S. W. (2d) 582.]

Plaintiff relies on the North case as supporting her view, that the agreement of the parties in this case was made a part of and reduced to judgment by the modified decree. We can see nothing in that case to support plaintiff's view. In that case the opinion recites that the trial court found that plaintiff was the innocent and injured party, and granted her a divorce, and "entered judgment in her favor and against defendant for the payment of alimony from month to month at the rate of $500 per month so long as she remained single and unmarried." This was an express and direct judgment entered by the court in favor of plaintiff against the defendant for $500 per month, the sufficiency of which was not and could not be questioned.

Plaintiff also relies on Baer v. Baer (Mo. App.), 51 S. W. (2d) 873, a decision by this court on appeal from the modified decree with which we are here concerned. The sole question involved on that appeal related to the custody of the minor child, and, moreover, a reading of the opinion shows that this court regarded the agreement between the parties as constituting no part of the modified decree and as not having been reduced to judgment thereby.

Inasmuch as the circuit court rendered no judgment for alimony, support or maintenance of plaintiff, there was no judgment to be

revived. The judgment of revival should therefore be reversed. The Commissioner so recommends.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed. *Hughes, P. J.,* and *Becker* and *McCullen, JJ.,* concur.