249 S.W.2d 472 (1952)
ALVERSON
v.
ALVERSON.
No. 28372.
St. Louis Court of Appeals, Missouri.
May 20, 1952.
Rehearing Denied June 27, 1952.
*473 Robert D. Evans, and Green, Hennings, Henry & Evans, all of St. Louis, for appellant.
Elihu M. Hyndman, of St. Louis, for respondent.
BENNICK, Presiding Judge.
This appeal arises out of a proceeding to modify a divorce decree as respects the provision for the allowance to the plaintiff wife, Irma Marie Alverson, of a monthly sum of $100, payable in semimonthly installments of $50 each, which was referred to in the decree as being "as and for alimony".
The wife had brought the action for divorce, and had prayed the court that in addition to her principal relief it award her such sums of money as would be suitable "for alimony, support and maintenance of herself".
The defendant husband, Miles Corning Alverson, had filed an answer denying the allegations of the petition.
It thus appears that among the issues in the case was that of the allowance of alimony, which the court was called upon to determine under the authority conferred upon it by Section 452.070 RSMo 1949, V.A.M.S.
Meanwhile, prior to the hearing, the parties had prepared a written stipulation in which it was agreed, "subject to the approval of the court", that in the event the court granted the wife a divorce in the action then pending,
"That party defendant is to pay to party plaintiff, as and for alimony, the sum of One Hundred Dollars ($100.00) each month commencing January 1, 1944, and payable on the 1st and 15th of each month".
By other provisions of the stipulation plaintiff agreed to release defendant from any and all obligations she had contracted during marriage; to release him from all liability after January 1, 1944, for the rental of the apartment in which she was then residing; and to deliver to him certain books and pictures. For his part defendant agreed to release plaintiff from any and all claims which he might have against her by reason of their marital status; to release all his right, title, and interest in and to the household furniture then in plaintiff's possession; and to pay the fee of plaintiff's attorney as well as the costs to be incurred in the action for divorce.
*474 At the trial of the case the stipulation was filed in the cause, and on the same dayDecember 22, 1943the court entered its decree awarding plaintiff a divorce and setting out the stipulation in full, which the court approved and ordered made a part of the record in the cause.
The court then concluded its decree as follows:
"It is further ordered, adjudged and decreed by the court that the plaintiff have and recover of the defendant, as and for alimony, the sum of $100.00 per month, until the further order of the court, payable in equal semimonthly installments of $50.00 each on the 1st and 15th day of each month, the first payment to be made and to become due and payable January 1st, 1944.
"It is further ordered by the court that the costs of this proceeding be paid by the defendant, and in default of the payment of said costs or any of the installments awarded as aforesaid, as and for alimony, as and when the same become due and payable, execution issue therefor."
On October 11, 1950, plaintiff filed her motion to modify the decree, alleging a change of condition in her own financial status for the worse and in defendant's financial status for the better, and asking for an order requiring defendant to pay her such an amount of alimony either in a lump sum or in periodic payments as might appear just and equitable to the court.
Defendant countered with a motion to correct the decree nunc pro tunc by deleting the clause, "until the further order of the court", from the provision of the decree requiring him to pay plaintiff the sum of $100 a month "as and for alimony", and also to dismiss plaintiff's motion to modify.
The court sustained the motion in its entirety, whereupon plaintiff gave notice of appeal, and by further appropriate steps has caused the matter to be transferred to this court for our review.
The whole question before us is one of the propriety of the lower court's action on defendant's motion.
The motion was of course predicated upon the theory that the provision in the decree for defendant's payment to plaintiff of the sum of $100 a month was by stipulation or consent of the parties so as to be contractual and immune from subsequent modification except by consent of the parties; that the qualification, "until the further order of the court", was no part of the contract, and consequently constituted no proper part of the decree, which, according to defendant, was based entirely upon the stipulation; that being no part of the contract, and in fact being inconsistent with it, the clause, "until the further order of the court", should be stricken from the decree; and that inasmuch as the decree, assuming it to be contractual, was not subject to modification, plaintiff's motion to modify should necessarily be dismissed.
It must be conceded that the clause, "until the further order of the court", was neither included in the stipulation, nor did it appear in any of the entries which were made by either the judge or the clerk at the time of the trial and disposition of the case. What undoubtedly happened was that the clerk, in writing up the decree, followed an approved form for divorce decrees which contained such language affirmatively recognizing the power of the court, on proof of changed conditions, to modify a provision for alimony payable in installments. The question is therefore reduced to one of whether, as defendant insists, the particular provision of the decree was merely a judicial approval of a contractual obligation which he had assumed towards plaintiff; or of whether, as plaintiff insists, it was a judgment for statutory alimony, and therefore subject to the authority conferred upon the court by statute to make such subsequent alterations with respect to its amount as might be proper under the circumstances. Section 452.070 RSMo 1949, V.A.M.S. If it was the former, the inclusion of the clause, "until the further order of the court", constituted an unwarranted limitation upon the agreement of the parties, and should have been deleted from the decree as unsupported by the record entries evidencing the court's *475 decision. But if it was the latter, then the court's retention of jurisdiction followed by operation of law, so that the clause was properly included in the decree regardless of the lack of any express reference in either the judge's or the clerk's minutes to the court's continuing jurisdiction.
There is no doubt that husband and wife, in contemplation of divorce, may, by valid contract between themselves, settle and adjust all property rights growing out of the marital relation, including the wife's right to alimony. Contracts of separation are not unlawful in and of themselves, and are subject to be enforced the same as other contracts so long as they are free from fraud, collusion, or compulsion. North v. North, 339 Mo. 1226, 100 S.W.2d 582, 109 A.L.R. 1061; State ex rel. Green v. James, 355 Mo. 223, 195 S.W.2d 669; Tracy v. Tracy, Mo.App., 205 S.W.2d 947; Luedde v. Luedde, 240 Mo.App. 69, 211 S.W.2d 513.
Furthermore it is distinctly held that where a contract is lawfully entered into settling all the property rights of the respective parties, including the amount of the wife's support and maintenance, the court in which the action for divorce is pending will not only have authority to approve the contract, but indeed will have no right to disregard it. North v. North, supra; Edmondson v. Edmondson, Mo.App., 242 S.W.2d 730.
But trouble often arises, just as it has in the case at bar, in determining whether the instrument filed by the parties in the divorce action is to be construed as a contract settling all their property rights, including the amount of the wife's support and maintenance, with nothing left to the determination of the court in that regard; or whether it is to be taken as a mere suggestion to the court of the amount of alimony upon which the parties could agree whenever the court, in the exercise of its ultimate duty of fixing the amount, reached the point of making its decision.
Where the instrument settles all property rights, including the amount of the wife's support and maintenance, the fact that the court writes into its decree a provision granting the wife the same allowance as the contract gave her does not convert such allowance into statutory alimony, but instead amounts to no more than a judicial approval of the contractual obligation which the husband had lawfully assumed towards his wife, and is therefore immune to subsequent modification. On the other hand, where the function of the instrument is only to suggest that when an award of alimony is made, it be made in the agreed amount as stated in the instrument, the award made pursuant to such instrument is then an award of statutory alimony, and becomes subject to future modification the same as any other like decree upon the application of either party. North v. North, supra; Allcorn v. Allcorn, Mo.App., 241 S.W.2d 806; Davis v. Davis, Mo.App., 196 S.W.2d 447.
In ascertaining the legal effect of the situation in the instant case, it is to be borne in mind that the issue of alimony had been raised by the pleadings, thus unmistakably indicating that the parties had at least originally intended that the question of alimony should be one for the court to decide. Furthermore the instrument filed in court was designated, not a contract, but a "stipulation", a term used to describe an agreement between the parties or their counsel respecting a matter before a court, and possessing incidents unlike the incidents of ordinary contracts. 60 C.J. 39. It would thus seem to be a fair, even if not a compelling, assumption that in characterizing the instrument as a "stipulation", the parties did so advisedly and with the intention of having it accomplish the purpose in the case that a stipulation is commonly designed to serve.
There are two additional features of the case which, while likewise not conclusive, tend still more strongly to support the view that the instrument was not so far contractual as to have superseded the authority of the court to enter a decree for alimony.
In North v. North, supra, there were two things upon which the court placed great emphasis in holding that the decree then under consideration was a mere approval of the contractual obligation of the husband to the wife, and not an award of statutory *476 alimony. The one was that the parties, by a valid written agreement, had settled "all" their property rights, including the wife's support and maintenance; and the other, that the allowance to the wife was one which the court would have had no authority to give her as statutory alimony.
In the instant case there is no such situation. There was no settlement or adjustment of "all" the property rights of the parties growing out of the marital relation, but instead the agreement went no farther than to provide for the release of certain special obligations. Furthermore the allowance to the wife, which the court wrote into its decree, was one which the court would have been fully authorized to make in the absence of any stipulation. In other words, the court could have required defendant to pay plaintiff the sum of $100 a month in equal semimonthly installments of $50 each irrespective of whether the parties had consented to such arrangement. Nor did the provision purport to extend the husband's obligation beyond his death, which, if it had done so, would have taken the allowance outside the realm of alimony.
But added to all these considerations are two far more convincing points, which would appear to clinch the matter beyond all room for controversy.
In drawing their stipulation the parties themselves had identified the sum which defendant was to pay as being "as and for alimony", and the court employed such identical language in writing its decree, which, as we have pointed out, was within the scope of its statutory authority. Likewise the judge and clerk had referred to the allowance as "alimony" in their respective minute entries at the time of the trial and disposition of the case. Furthermore the court was not content with merely ordering that payments be made "as and for alimony", but what is more conclusive of its intention to enter a decree for statutory alimony is the fact that it then went on to provide, without objection from the parties, that in default of the payment of any of the installments, "execution issue therefor". If defendant's obligation had been meant to depend upon contract, plaintiff's remedy upon default would have been by action on the contract, and not by execution, which could only be sued out upon a judgment previously obtained.
It consequently follows that the allowance in question must be construed as having been one of statutory alimony, which carried with it the power of the court to make such alterations from time to time upon application of either party as might be proper under the circumstances. Section 452.070 RSMo 1949, V.A.M.S. It may be conceded that inasmuch as the allowance was made in an amount upon which the parties had agreed, the decree was so far a consent decree that neither party could have appealed from it; but so long as the allowance was one of alimony under the statute, it was subject to the continuing jurisdiction vested in the court by statute to make subsequent modifications upon proof of changed conditions. It was therefore of no consequence that the stipulation itself had not contained the limitation, "until the further order of the court", since the court's reserved authority followed by operation of law, and not by the consent of the parties to the case. Tysdal v. Tysdal, Mo.App., 235 S.W.2d 124.
The order of the circuit court sustaining defendant's motion to correct the decree nunc pro tunc by deleting the clause, "until the further order of the court", and also to dismiss plaintiff's motion to modify, should be reversed and the cause remanded with directions to set aside such order and to reinstate plaintiff's motion to modify for hearing on the merits. It is so ordered.
ANDERSON and RUDDY, JJ., concur.