Effie MORAN, (Plaintiff) Respondent,

v.

Leonard Herschel MORAN, (Defendant) Appellant.

No. 29287.

St. Louis Court of Appeals.

Missouri.

Jan. 17, 1956.

Rehearing Denied Feb. 17, 1956.

Roberts & Roberts, J. Richard Roberts, Farmington, for appellant.

Dearing & Richeson, Hillsboro, Samuel Richeson, for respondent.

WEINSTEIN, Special Judge.

On August 25, 1947, Effie Moran obtained a divorce from Leonard Herschel Moran in the Circuit Court of Washington County, Missouri. The following decree was entered by the court on that day:

"Now at this day comes the plaintiff, in person as well as by her attorney, and Defendant heretofore having filed an entry of appearance and an answer, appears by his attorney, E. L. McClintock, Jr., and offers no testimony in his defense.

"Whereupon the plaintiff submits this cause to the Court upon the pleadings and proof, and the Court, after hearing the evidence herein, being satisfied that the plaintiff is an injured and innocent party, and entitled to the relief prayed for in her petition, doth order, adjudge and decree that she be absolutely and forever divorced from the bonds of matrimony existing between the parties herein, and that she be restored to all rights and privileges of an unmarried person; that the stipulation and agreement by and between the plaintiff and the defendant previously entered into is in all things approved and the same is hereby to be spread on the record and made a part of this decree; and that the defendant be required to pay the costs of this proceeding, including an attorney's fee of thirty-five dollars, ($35.00) to the plaintiff's attorney, W. A. Brookshire, and that execution issue therefor.

"Stipulation for Property Settlement

"It is hereby stipulated and agreed by and between Effie Moran, the party of the first part, and Leonard Herschel Moran, party of the second part, as follows:

"1. The parties hereto because of disputes and differences arising out of their marital relationship have consented and agreed and do hereby consent and agree to live separate and apart from each other during their natural lives, and desire, for that reason, to make a final and complete settlement of all their property rights, and interests of every kind and nature, and the consideration for the conveyance and release of such rights and interests is determined from the marital relationships and settlements.

"2. The second party hereby agrees to, and in a separate deed does, remise, release and forever quit claim unto the first

party and Robert Moran, his natural son and one of the parties hereto, the following described real estate lying, being and situate in the County of St. Francois and State of Missouri, to-wit:

(Here follows a legal description of two parcels of real estate, one of which appears to be a cemetery plot).

"It being understood and agreed to that the second party and the parents of the second party shall have burial space in the burial lot described herein.

"3. The second party agrees to pay to the first party, beginning the first day of July, 1947, and on the first day of each succeeding month thereafter, the sum of Sixty Dollars ($60.00) a month, as long as she remains single and unmarried.

"4. It is further agreed that in the event the actual income of the party of the second part shall increase or decrease from his income as of January 1, 1947, during the term of this agreement, the monthly payments shall be increased or decreased at the rate of Twenty Per Cent (20%) of such change.

"5. The first party, in consideration of the agreements and payments herein provided by the second party, does hereby completely and fully release the second party from any other and further payments for alimony or maintenance, and hereby waives and releases any claim for maintenance, alimony or dower interest in and to any other property now owned or which may be hereafter owned by the second party, save and except the payment and satisfaction of the monthly payments herein designated.

"6. It is hereby mutually agreed by the parties that in the event a divorce is granted to the plaintiff, that this stipulation shall become part of the proceedings and judgment of the said proceedings and judgment."

On September 15, 1954, the defendant filed his "Motion to Modify Decree" upon the grounds that plaintiff had obtained employment, had inherited property, now has property, and is earning as much as or more than defendant's current earnings, and alleging that there is no longer any necessity for the defendant to pay alimony to plaintiff.

The trial court, after hearing evidence on said Motion to Modify Decree, found that the "Stipulation" above mentioned was contractual in nature and further found that there was no change in the respective conditions of the parties sufficient to require a modification of the original divorce decree, whereupon the defendant's Motion to Modify the Decree was overruled.·

It is the correctness of this finding and order that the defendant (appellant here) presents to this court for review, assigning as error, first, that the trial court improperly found that the monthly payments to plaintiff were made pursuant to a contract, and, second, that the trial court erred in finding that there existed no change in circumstances sufficient to require a modification of the original divorce decree.

 It is well settled that husband and wife have the right by contract, in the event of their separation, to adjust and settle all their property rights, including dower, alimony and support, and the courts are bound by such contract if it is free from fraud, collusion or compulsion, and is fair to the wife. North v. North, 339 Mo. 1236, 100 S.W.2d 582, 109 A.L.R. 1061. Accordingly, it must as a general rule first be determined whether the payments made by the husband to the wife were contractual and therefore not subject to modification by the court, or whether the payments were established by court decree, thus constituting statutory alimony subject ·to future modification by the court under Section 452.070 RSMo 1949, V.A. M.S.

 However, in the case now under consideration, the decree entered in the divorce proceedings makes specific allowances against the defendant of costs of

the proceeding and attorney's fees for which execution was ordered to issue, but makes no allowance of alimony. The decree refers to the "Stipulation", approves it and sets it out verbatim. Under these circumstances the conclusion is compelled that the divorce court decreed only the payment of court costs and attorney's fees but did not decree the payment of alimony, and that it did further approve the agreement between the parties. The difficult problem usually present in this type of case occurs when the divorce court in its decree orders the payment of an allowance to the wife and the question is raised whether the decreed allowance was made by the court pursuant to its statutory power and was therefore subject to modification, or whether the allowance decreed to the wife was the result of a contract and thus not subject to the court's power to modify, notwithstanding the fact that the parties and the court called the allowance "alimony".[1] Since the decree we are now considering makes no allowance of any kind to the wife, there is obviously no allowance for the court to construe as an award of alimony which the court might

modify. The court approved the agreement between the parties which recites that the parties thereto desire "to make a final and complete settlement of all their property rights and interest of every kind and nature" and there left the parties. It follows that the court below properly found that the contract created the obligation of the defendant to make payments to the plaintiff which was beyond the power of the divorce court to modify.

In view of our conclusion as to the contractual basis of the defendant's obligation to plaintiff, it becomes unnecessary to consider the evidence offered at the trial as to the alleged change in condition of the parties.

The finding of the trial court that the agreement, called "Stipulation", entered into between plaintiff and defendant, was contractual is approved and the order overruling defendant's Motion to Modify is affirmed.

ANDERSON, P. J., and MATTHES, J., concur.

[1] In North v. North, 339 Mo. 1236, 100 S.W.2d 582, loc. cit. 584, the court entered a judgment in plaintiff's favor and against defendant "for the payment of alimony from month to month at the rate of $500 per month, so long as she remains single and unmarried." The Supreme Court held the decreed allowance to the wife was an *approval* of the contract and not an award of alimony because the court had no authority to make an award of alimony to continue so long as the wife remained single and unmarried, but did have authority to approve a contract between the parties containing that provision. 100 S.W.2d loc. cit. 586.

In Edmondson v. Edmondson, Mo.App., 242 S.W.2d 730, 733, the decree provided "'that the defendant shall pay the plaintiff, for her support and maintenance, the sum of two hundred dollars per month * * *. Said payments shall continue until, and if, plaintiff remarries, for the rest of her natural life. In entering this decree the court ex-

pressly adopts, ratifies and confirms a certain property settlement * * *.'" Held that the provisions in the decree purporting to provide for plaintiff's support and maintenance were void and that the liability for support and maintenance arises under the property agreement between the parties. 242 S.W.2d loc. cit. 736.

In Alverson v. Alverson, Mo.App., 249 S.W.2d 472, loc. cit. 474, the decree ordered that plaintiff recover as and for alimony $100 per month until further order of court in equal semi-monthly installments. Held to be an allowance of statutory alimony despite "written stipulation" executed by the parties.

In Wesson v. Wesson, Mo.App., 271 S.W.2d 214, loc. cit. 216, the decree contained the provision that plaintiff recover $25 per week as and for alimony and noted "agreement filed". Held a statutory allowance despite an executed "'stipulation, contract or property settlement'".