Margaret Gahr REINER, Plaintiff-
Appellant,

v.

Mabel M. MILLER, Defendant-Respondent.

No. 55809.

Supreme Court of Missouri,
Division 1.

April 10, 1972.

**284**

John L. Woodward, Steelville, for plaintiff-appellant.

Dorman L. Steelman, Salem, and G. C. Beckham, Steelville, for defendant-respondent.

SEILER, Judge.

This is an action in equity by Margaret Gahr Reiner,[1] to set aside a deed executed by her and her husband, Charles Gahr, to Mabel Miller pursuant to a property settlement agreement. The trial court made findings and entered judgment for the defendant. We affirm.

Mr. and Mrs. Gahr, Charles and Margaret, were married in 1946. During the marriage the couple acquired a small amount of personal and real property, including fifteen acres of rural land held in tenancy by the entirety. The couple separated on May 18, 1965. Mr. Gahr filed a divorce petition on July 21, 1965.

The two encountered one another at a tavern in Steelville on August 14, 1965 and agreed to discuss divorce matters at the office of a local lawyer. They met that afternoon with Mr. Gahr's attorney, Mr. Beckham. After some discussion, the Gahrs agreed to the following valuation of their property:

| | |
|---|---|
| Government bonds | $ 800.00 |
| 1963 Chevrolet truck | 1,000.00 |
| Land | 700.00 |
| Household furniture and utensils | 200.00 |
| | $2,700.00 |

The Gahrs wanted to divide the property equally; thus each would receive property valued at about $1,350.00. Mrs. Gahr requested that the bonds which she already had in her possession and several items from the house be included in her share. She demanded cash for the remainder and Mr. Gahr paid her $550 in cash in order to bring her allocation to $1,350.00. During this meeting Mrs. Gahr signed a waiver of service and entry of appearance in the divorce proceeding and an assignment of the truck title. Both signed the property settlement and a warranty deed that conveyed the real property to the defendant,

---

1. Reiner was Mrs. Gahr's name at time of trial, as she had remarried following Mr. Gahr's death. However, we refer to her throughout as Mrs. Gahr.

Mabel Miller. Both parties understood that the grantee was a straw party, and that following the divorce the property would be conveyed to Mr. Gahr. Mr. Gahr died within two weeks of this meeting and the couple did not obtain the contemplated divorce.

This court has recognized the validity of property settlement agreements entered into between husband and wife in contemplation of or pending a divorce. McCarty v. McCarty (Mo.Sup.), 300 S.W.2d 394, 403; Murray v. Murray (Mo.Sup.), 293 S. W.2d 436, 441; Bloss v. Bloss (Mo.Sup.), 251 S.W.2d 78, 79. The divorce court must often review a property settlement in order to decide if the terms of the agreement should be incorporated into the decree of divorce. Less frequently, a court must scrutinize a settlement because of an allegation of invalidity made after the divorce. McCarty v. McCarty, supra; Murray v. Murray, supra; Johns v. McNabb (Mo. Sup.), 247 S.W.2d 640. In either situation agreements in which marital rights are relinquished must be ". . . free of fraud; supported by a valid consideration, and . . . fair, just and equitable." Bloss v. Bloss, supra, l.c. 251 S.W. 2d 80; 27B C.J.S. Divorce § 301(1).

The trial court found that "The important question is: was the executed property settlement fair and equitable?" We concur in the finding of the trial court that it was.

The appellant maintains that the deed must be set aside because the settlement was not fair and equitable since she was under the influence of alcohol, received substantially less than one-half of the property, was unrepresented by counsel, and was unduly influenced by her husband and his attorney. We will discuss each point in turn.

■■ Mrs. Gahr testified that she was intoxicated during the meeting because she had drunk nine beers. The alcohol influenced her mental ability. She did not remember the events that occurred in the attorney's office. Her drinking companion and her daughter both testified that she was intoxicated. In contrast, Mr. Beckham, the attorney, stated that Mrs. Gahr did not appear to be under the influence of alcohol. We note that she recalled the number of beers she drank in each establishment prior to the meeting and remembered demanding that she receive the $550 in cash, not by check, before she would sign the property settlement.

A contract entered into by an intoxicated person can be voided; however, ". . . the intoxication must be such as to render the intoxicated person incapable, at the time the contract is entered into, of knowing of what he is doing or of comprehending the consequences of his acts." Miller v. Chinn (Mo.App.), 203 S.W. 212, 215; Williston on Contracts, 3rd ed., Sec. 258. In this case, the trial court concluded that the appellant was not so intoxicated. We agree.

■ The appellant maintains she did not receive one-half of the value of the property in the settlement. Mr. Beckham testified that both Mr. and Mrs. Gahr wanted to divide their property equally, that they discussed the property and agreed on the value of each item, that Mrs. Gahr selected certain specific items, and at her request, received cash as the remainder of her share. At trial, Mrs. Gahr did not directly dispute this testimony. She could not recall much of what occurred at the meeting because, she said, of her drinking. Mrs. Gahr introduced into evidence a list of personal property in which she estimated the value of the truck at $1,650, the household goods at $738.30 and the bonds at $834.74. She valued the land at $1,750. On these figures, her share of about $1,350 would be substantially less than one-half of the property. Each party produced other witnesses, including real estate brokers and an auctioneer, whose testimony supported their respective property evaluations.

In addition to the property mentioned earlier here, there was a joint bank account, amount about $1,700–$1,800, which was withdrawn by the parties following separation and divided equally between them.

The trial court resolved the conflicting evidence in favor of the respondent and specifically found that ". . . [T]he values placed on the property in question by the parties at the time of their agreement is substantially correct . . . [A]ppellant received approximately one-half the property owned by the parties and made her own selection as to what she would take." We see no reason to disturb the finding of the trial court.

We overrule the contention that this agreement must be set aside because Mrs. Gahr was unduly influenced by her husband and his attorney. An agreement resulting from undue influence or fraud, especially in a situation where the lawyer advises both parties while employed by only one, will be found invalid. McCarty v. McCarty, supra; Gardine v. Cottey, 360 Mo. 681, 230 S.W.2d 731. Mr. Beckham testified that he recognized an obligation to provide fairly for Mrs. Gahr in the agreement. He explained the meaning of the document to her, and she indicated that she understood. Mrs. Gahr could not recall if this discussion occurred. An unfair property settlement would be an indication of undue influence. The property here was divided fairly, and appellant has failed to show any undue influence.

Appellant cites McCarty v. McCarty, supra, as the controlling precedent. In McCarty, a husband and wife entered into a property settlement in contemplation of a divorce. In consideration of $500 cash, the wife, unrepresented by counsel, surrendered her interest in a home worth $5,000 to $5,500, furniture worth either $1,000 (wife) or $150 (husband) and an automobile worth $500. According to the husband, his lawyer explained the rights in the property to her. The court found this questionable in view of the disparity between the consideration and the value of the property surrendered. The court noted that the wife conveyed her interest in the house which served as security for a debt without being relieved of her liability. The husband contended the trial court upheld the settlement because his father had a resulting trust in the house. The court commented on the doubtfulness of this claim; and indicated that even if there were a title question, the wife should not be held to base a decision upon the advice of a lawyer who represented not only her husband, but his father, and who might gain substantially if the property were returned to the husband's family. The court found that the settlement was not fair, just and equitable. In our case, we have neither the great disparity in values nor the situation involving the lawyer. The present case is clearly distinguished from McCarty.

The appellant argues that the property settlement never became effective because of the failure of a condition precedent that the court approve the property settlement. The property agreement provided " . . . it is now agreed that the following, subject to the approval of the court, will be a full and complete settlement of the property rights . . . " We have recognized that a husband and wife may make a property settlement in contemplation of divorce without submitting the agreement to a court. Ellis v. Ellis (Mo. Sup.), 263 S.W.2d 849, 852. Such a property settlement would be valid between the parties. Moran v. Moran (Mo.App.), 286 S.W.2d 389.

The agreement here completely settled the property rights of the parties. Pursuant to this agreement, the two conveyed real property. Mrs. Gahr assigned her interest in a truck. She retained the bonds, and he paid her $550. Both per-

formed their contractual obligation. We understand the language in the settlement to mean the parties wished to have the agreement reviewed by the divorce court and not make court review a condition precedent to the effectuation of the property settlement. If this settlement agreement had been presented to the court in the divorce action, the court would have considered its terms in accordance with the same principles that we have previously discussed. We note that " . . . A property settlement agreement or contract, however, should not be modified by the courts, where it was not fraudulent . . . or in violation of the confidential relationship of the parties, and where it purports to deal only with the division of the property of the parties . . . ." 27B C.J.S. Divorce § 301(1), p. 408. We can assume that the court in the divorce action would have found the agreement valid. We overrule the contention.

At present, the respondent, Mrs. Miller, holds title to this fifteen acres of real property. As a result of the death of Mr. Gahr, the property cannot be conveyed to him. On this appeal, both appellant and respondent rely upon a resulting trust theory to require Mrs. Miller to convey the property to Mrs. Gahr or the estate of Mr. Gahr respectively. We do not believe a discussion of the resulting trust concept essential to our decision. Mrs. Miller has acknowledged her obligation to convey the property. Thus we need not compel a conveyance, but only determine the grantee. Mr. and Mrs. Gahr intended the settlement to distribute their property evenly. The real property constituted a substantial part of his share under the settlement. Mrs. Gahr released her interest in the property. She is not entitled to have the deed set aside, and the property should be conveyed to those who take under the probate code.

Judgment affirmed.

All of the Judges concur.