**Viola M. HOLMES, Appellant,**

v.

**Gerald L. HOLMES, Respondent.**

**No. KCD 27001.**

Missouri Court of Appeals,
Kansas City District.

Sept. 2, 1975.

Michael J. Albano, Graham, Paden, Welch, Martin & Tittle, Independence, for appellant.

Steven H. Osman, Rope, Shanberg & Rope, Kansas City, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

SWOFFORD, Presiding Judge.

This is an appeal from a judgment in an action for divorce wherein the court sustained the respondent's (husband) motion to set aside that part of the decree providing an award of periodic alimony of $200.00 per month, and $4,000.00 alimony in gross, and overruled appellant's motion for allowance of attorney's fees.

The appellant-wife filed her suit for divorce on March 30, 1973, personal service was obtained on the husband, but he filed no responsive pleading, did not appear, and defaulted.

The petition was in orthodox form, alleging general indignities. In the body of the petition, it is stated:

"6. Plaintiff states that defendant is a well and able-bodied man, gainfully employed, earning substantial wages; that she is without the means of support for herself and the said minor child and for the monies necessary for the prosecution of this action."

Neither the body of the petition nor the prayer makes any request for an award of alimony or maintenance.

The matter was set as a default on May 11, 1973, and a hearing was held. The wife advised the trial judge that she and her husband had agreed as to alimony, but that such agreement had not been reduced to writing. Thereupon, the court advised the wife and her counsel to amend the prayer of the petition to request alimony and have the agreement reduced to writing and signed by the parties, and thereupon declared a mistrial.

On May 15, 1973, a property settlement agreement, which had been prepared by counsel for the wife, was executed by the parties, which provided in pertinent part as follows:

"PROPERTY SETTLEMENT

\*     \*     \*     \*     \*     \*

WHEREAS, *the parties are desirous of settling their property rights* \* \* \* and the husband is desirous of making provisions for the support of the wife

\*     \*     \*     \*     \*     \*

NOW THEREFORE, it is mutually agreed that:

\*     \*     \*     \*     \*     \*

3. The husband agrees to pay the wife $4,000.00 lump sum alimony, plus $200.00 per month continuing alimony, and *the parties agree that this is contractual alimony.*

4. The wife agrees to satisfy the $4,000.00 lump sum alimony, provided the husband agrees to give all the furniture and sign over his interest in the house to the wife.

5. The wife relinquishes and releases any right, claim or interest she may have in a Bell Savings Plan or any AT&T Stock, held by the husband, to the husband.

\*     \*     \*     \*     \*     \*

7. Subject to the provisions herein contained, all other property, real or personal, wheresoever situated, now or hereafter acquired by either party individually shall be and remain the sole and separate property of each party, free from all rights and interests of the other * * *. *Each party hereby releases and waives all benefits conferred upon them by reason of the common law or the statutes relating to marital rights * * *.*" (Emphasis supplied)

The agreement further provided for the custody of the minor child of the parties to be in the wife, with reasonable visitation rights to the husband, and for the support of the child in the amount of $300.00 per month. No question was raised in the court below as to the propriety of the judgment as it relates to the child, and that portion of the decree is not questioned here.

Three days after the execution of the property settlement agreement, on May 18, 1973, the divorce proceeding was again set for trial as a default. The plaintiff-wife did not amend the prayer of her petition so as to seek alimony. The husband was not notified of the setting, and again filed no pleading and made no appearance in person or by counsel. The wife testified, the property settlement was marked as an exhibit and shown to the court, and a decree of divorce was entered for the wife. The pertinent portion of such decree is as follows:

"IT IS FURTHER ORDERED AND ADJUDGED BY THE COURT that the plaintiff be and she is hereby awarded * * * the further sum of Two Hundred Dollars ($200.00) alimony per month and the sum of Four Thousand Dollars ($4,000.00) alimony in gross.

WHEREFORE, IT IS ORDERED AND ADJUDGED BY THE COURT that the plaintiff have and recover of and from said defendant the * * * *further sum of Two Hundred Dollars ($200.00) Alimony per month and the sum of Four Thousand Dollars ($4,000.00) alimony in gross, together with all the costs*

*incurred herein, and let execution issue therefor against the defendant.*" (Emphasis added)

Thereafter and on August 24, 1973, the defendant-husband, by counsel, filed a motion to set aside the decree so far as the same provided for alimony, on the ground that the court lacked jurisdiction to enter such award. On October 3; 1973, after the matter was fully briefed and argued in the court below, it sustained such motion and set aside that portion of the decree awarding alimony to the wife and denied the wife's application for attorney's fees. This appeal followed in due course.

Incident to its order of October 3, 1973, the court below filed a Memorandum Opinion which stated its reasons for such order. In summary, the court stated that since the petition did not contain a request for an award of alimony, that the question of notice to the defaulting defendant as to "what will be asked or demanded becomes significant and of prime importance"; that the defendant should be able to rely on the court not granting the relief of alimony not demanded in the petition; that paragraph 6 of the petition was not sufficient to put the defendant on notice, as contemplated by Rule 74.11; that the defendant did agree to "contractual alimony"; that such did not include consent to a decree or judgment for alimony, but gave rise to entirely different rights and liabilities; and that by reason of such factors, the court lacked jurisdiction to make the alimony award.

The appellant asserts that the trial court abused its discretion in so ruling the motion to set aside the alimony award of May 18, 1973, upon four grounds, which may be summarized as follows:

A. the husband failed to offer any proof that he had a good reason for the default and a meritorious defense to the alimony judgment; B. the husband had reasonable notice of appellant's intention to request an alimony judgment by reason of the allegations in the petition and the terms of the property settlement; C.

that under Section 452.070 RSMo 1969 the court had both the right and the duty to grant alimony and Rule 74.11 does not apply to domestic relations cases; and D. the appellant is entitled to attorney's fees under the evidence.

At the outset of a determination of this appeal, it should be noted that all of the proceedings in the court below were had and this appeal lodged in this court before the effective date of the Dissolution of Marriage Act, Chapter 452 RSMo 1969 (Laws 1973, effective January 1, 1974) and such determination is to be governed by the law as it existed before that date. Section 452.415(2).

The transcript of this record and the briefs and authorities therein cited, and additional authorities, have been carefully reviewed and the conclusion reached that the points raised by appellant are without merit and the judgment of the court below must be affirmed.

Since the decision in the case of *North v. North,* 339 Mo. 1226, 100 S.W.2d 582, 587[11] (1936), there has been no room for argument that a husband and wife may enter into a valid and binding contract between themselves to settle and adjust all of their property rights growing out of the marital relationship, including the wife's right to alimony in any subsequent divorce proceeding, and such contracts are not unlawful. In *North,* the court characterized such contracts "when lawfully made" as "sufficient to bar alimony and dower", l.c. 584[1, 2]. It drew a distinction, however, between an agreement as to the amount of alimony to be awarded or decreed and an agreement settling all property rights (including alimony). The *North* court held that an approval of an agreement settling all property rights by the divorce court and a decree awarding the same allowance therefor as provided in the contract did not convert the contractual alimony into statutory alimony. The principles of *North* have been followed and applied in the recent cases of *Goulding v. Goulding,* 497 S.W.2d

842 (Mo.App.1973), (wherein the action of a trial court refusing to modify contractual alimony which had been incorporated in a decree was affirmed), and *Nelson v. Nelson,* 516 S.W.2d 574 (Mo.App.1974), (wherein the court reversed an order of the divorce court overruling a motion to quash a writ of sequestration which had been issued in an attempt to execute on contractual alimony incorporated in a decree and in arrears). *North, Goulding* and *Nelson,* in substance, held that contractual alimony even though incorporated into a decree or judgment is not subject to modification or execution, and the rights of the parties to such valid agreements are confined to the area of contract law.

It is obvious from this record and the applicable authorities that the ordinary rules with reference to evidentiary requirements upon which to base a motion to set aside a default judgment do not apply, as urged in appellant's first point (A), namely, that respondent failed to offer proof that he had good reason (or excuse) for his default and had a meritorious defense which he was denied opportunity to assert. No quarrel is had with these general rules; they just have no application here.

Assuming the validity of the contract here involved (and there is no evidence that it was not a valid and enforceable contract), of course, the husband-respondent had "good reason for the default". He presumably was under the impression that he had fully settled, by formal agreement, all of the problems of property which might have existed arising from the marriage, including his obligation for alimony and support. Also, he obviously did not have or did not care to assert any "meritorious defense" to the divorce action.

But appellant urges in her second point (B) that respondent was given reasonable notice that she would ask for the entry of a decree for periodic and gross alimony. Such position finds no support in the record. The petition made no claim to alimony or

support, either in its body or in the prayer, and even had it contained such request, having been filed on March 30, 1973, such request would be deemed merged into and resolved by the formal Property Settlement agreement of May 15, 1973. That appellant and her counsel considered this to be true is evidenced by the fact that, though admonished by the trial court to do so, her petition was not amended to include a request for alimony, but the wife relied upon the terms of the agreement. Also, there is no evidence that the respondent was notified by any writing or orally of the second trial setting of the case at the time of the execution of the agreement (three days before the trial) or subsequently, or of the fact that appellant intended to ask that the alimony terms of the agreement be incorporated in the decree and be reduced to judgment.

■ But *notice* of such intention alone (even had it been given) would not be sufficient to authorize entry of such a judgment on the facts of this case. *Consent* is likewise a necessary prerequisite to the exercise of jurisdiction. No such consent was incorporated here in the settlement contract and none is shown elsewhere.

Prior to *North v. North*, supra, property settlement agreements regarding alimony were advisory only. Since *North* and until January 1, 1974, when a valid property settlement was executed, not containing a consent or agreement to the effect that a decree or judgment for alimony be entered consonant with the contract, the statutory power of the court to award alimony is not authorized "without consent of the parties". The rule was thus stated in *Edmondson v.*

*Edmondson*, 242 S.W.2d 730[6] (Mo.App. 1951), l.c. 735:

"Thus, when the divorce decree was rendered and provisions were there made for payments for plaintiff's support and maintenance, there existed a valid and conclusive agreement of the parties covering the subject. *Therefore, there was no authority, without the consent of the parties, for any provisions in the decree for alimony, support or maintenance.* ❋ ❋ ❋ " (Emphasis added)

The court in *Edmondson* further held that, absent the consent of parties, the provisions of the decree were made "without authority of law and are void." l.c. 736[8].[1]

Here, the agreement contained no consent to a decree incorporating its provisions as to alimony, no notice was given to respondent that such was the intention of appellant, and further, the decree did not, in fact, incorporate the terms thereof. The decree awarded a money judgment for alimony in gross in the amount of $4,000.00 and made no reference to the further agreement which provided such was to be paid by a transfer of the respondent's interest in the home and the household furniture. Further, the decree ordered the "execution issue" for that sum and the periodic payments provided.

■ Under appellant's point (C), she asserts that the trial court had not only the right but also the "duty" to enter such alimony awards by reason of Section 452.-070 RSMo 1969, which provides that the court "shall" make an order "touching" alimony and maintenance of the wife. There is no validity to this argument. It is settled law that the use of the word "shall" in this statute does not make it mandatory that a

1. It should be noted that under the Dissolution of Marriage Act, controlling in this area since January 1, 1974, separation agreements are authorized; the terms thereof (except those relating to the care and custody of children) are binding on the court unless unconscionable; if unconscionable, the court may request a revision of the contract or make appropriate orders as to property rights; the terms of such contract are to be set forth in the decree unless the contract specifically provides that they not be incorporated; the terms set forth in the decree are enforceable as a judgment; and, if the separation agreement so provides, the decree may expressly preclude or limit modification; except as to the support, custody, or visitation of children. Section 452.325 RSMo 1969 (Laws 1973).

wife who is granted a decree of divorce be granted alimony. Such order may be granted or refused, according to the facts of the case. *Smith v. Smith*, 350 Mo. 104, 164 S.W.2d 921, 923[3] (1942); *Clisham v. Clisham*, 485 S.W.2d 660, 664[3] (Mo.App. 1972).

Rule 74.11, in substance, provides that a default judgment shall not be entered for "damages or other relief" other or greater than that demanded in the petition as originally filed. Appellant strongly urges that this rule does not apply to domestic relations cases and the respondent asserts, with equal vigor, that it does. The terms of this rule are not alone dispositive of this case, and such need not be decided here. It is important here only on the question of notice, as hereinabove discussed.

The appellant's final point (D) relates to the denial of her motion for attorney's fees. However, she concedes on page 30 of her brief that if the judgment below is affirmed, "she is not entitled to attorney's fees and suit money". Such is the present ruling, and this point can be ruled upon the basis of that concession. However, the ruling of the court below was proper because the portion of the decree here under attack was entered without authority and was void, and there was no abuse of judicial discretion in ruling that the appellant was not entitled to attorney's fees in her attempt to support a void judgment. *Edmondson v. Edmondson*, 242 S.W.2d 730, 737[9] (Mo.App.1951); *Smethers v. Smethers*, 263 S.W.2d 60, 62[6] (Mo. App.1953).

For the reasons herein stated, the judgment is affirmed.

All concur.