## BLUM v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9830.

United States Court of Appeals Seventh Circuit.

Nov. 7, 1949.

David Levinson, Leonard M. Rieser, Sidney M. Perlstadt, Chicago, Ill., for petitioner.

Theron L. Caudle, Assistant Attorney General, Irving I. Axelrad, Assistant to Assistant Attorney General, Ellis N. Slack, A. F. Prescott, Maryhelen Wigle, Special Assistants to the Attorney General, for respondent.

Before KERNER, DUFFY and FINNEGAN, Circuit Judges.

FINNEGAN, Circuit Judge.

This petition for review of a decision of the Tax Court of the United States, involves alleged deficiencies in the income taxes of petitioner, Harry Blum, for the years 1943 and 1944. Petitioner's taxable income for the year 1942 is also involved because the deficiency for 1943 was computed on the basis of 1942 and 1943 income under the Current Tax Payment Act of 1943, 26 U.S.C.A. Int.Rev.Acts, page 385 et seq.

The Tax Court on December 21, 1948 confirmed the deficiencies for the respective years in the amounts of $8,562.78 and $7,646.74. Petition for review was filed on January 26, 1949 under the provisions of Section 1141(a) of the Internal Revenue Code, 26 U.S.C.A. § 1141(a).

The controversy originates in claims for credits made by Harry Blum because of payments made to his former wife for her support and maintenance. Petitioner filed suit for divorce against Tillie Blum, his wife, in the Superior Court of Cook County, Illinois on February 29, 1932. She appeared, filed an answer, and a cross bill for separate maintenance. The cause remained undisposed of in the Superior Court until 1935.

On the 27th day of February in that year the petitioner and his wife, Tillie Blum, executed a contract preparatory to and in contemplation of a settlement of their marital difficulties.

The agreement recites that the wife, Tillie Blum, on said 27th day of February A. D. 1935, filed an amendment to her cross complaint for separate maintenance in and by which she prayed for a divorce from Harry Blum on the same grounds she had already set forth as a basis for her prayer for separate maintenance. The agreement provides that it shall become effective only when and if the Superior Court of Cook County, on consideration of the cross bill as amended, and the evidence adduced in support thereof, shall enter a decree severing the bonds of matrimony between said parties. In that event the husband undertakes and promises to pay to Tillie Blum the sum of One Hundred and Twenty Thousand ($120,000) Dollars, in the following manner: Seventy-Five Hundred ($7500) Dollars on or before March 1, 1936, and a like sum of Seventy-Five Hundred ($7500) Dollars on or before the first day of March in each and every year thereafter for the next succeeding eight (8) years with a final payment of Fifty-Two Thousand Five Hundred ($52,500) Dollars on or before March 1, 1945. Under the terms of the agreement, petitioner had the right to make prepayments in multiples of Twenty-Five Hundred ($2500) Dollars at any time thereafter in addition to all installments due under the instrument. He also agreed to pay Tillie Blum interest at 5% per annum on the balance of the principal sum remaining unpaid from time to time. The interest was payable in equal monthly installments beginning April 1, 1935.

On the 28th day of February, A. D. 1935, the day after the agreement was executed, the cause came on to be heard in the Superior Court of Cook County. It is admitted that at the conclusion of the hearing on February 28, the presiding judge signed a decree dissolving the marital bonds between petitioner and Tillie Blum. The decree was not enrolled until March 2, 1935, on which date it was stamped "entered March 2, 1935" by the clerk of the Court.

The decree as entered on February 28, 1935, and enrolled on March 2, 1935, provides as follows:

6. "That the plaintiff and the defendant have, without any collusion or agreement as to the divorce, settled and adjusted their respective property rights and all the demands of the defendant to alimony and support from the plaintiff; that the said plaintiff and the said defendant have exhibited to the court a property settlement contract dated the 27th day of February, A.D. 1935, which by reference is made a part of this decree, with the same force and effect as though the same was fully incorporated herein and made a part hereof; and the court finds that the said property settlement contract is just and equitable and was entered into in good faith, between the par-

672

ties therein mentioned, and that the said property settlement contract was not executed for the purpose of obtaining a divorce or as a collusion to obtain a divorce."

And the decree orders:

4. "That the plaintiff, Harry Blum, and the defendant, Tillie Blum, perform and carry out all the terms, provisions, conditions and obligations set forth in that certain property settlement contract entered into between them on the 27th day of February, A.D. 1935, and hereinabove referred to in Finding 6, and which property settlement contract, by reference thereto, is made a part of this decree, with the same force and effect as if fully set out herein; and the court reserves jurisdiction only for the purpose of enforcing the terms, conditions, provisions and obligations contained in said contract, upon application of either of the parties hereto; and for all other purposes this decree shall be and is hereby made final and no further jurisdiction is reserved."

The Internal Revenue Code of the United States provides:

Sec. 22. Gross Income.

"(k) (As added by Sec. 120(a) of the Revenue Act of 1942, c. 619, 56 Stat. 798) Alimony, etc., income. In the case of a wife who is divorced or legally separated from her husband under a decree of divorce * * * periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce * * * shall be includible in the gross income of such wife * * *. Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument, but only to the extent that such installment payment for the taxable year of the wife * * * does not exceed 10 per centum of such principal sum." 26 U.S.C.A. § 22.

Sec. 23. Deductions From Gross Income.

"In computing net income there shall be allowed as deductions:

"(u) (As added by Sec. 120(b) of the Revenue Act of 1942, supra) Alimony, etc., payments. In the case of a husband described in section 22(k), amounts includible under section 22(k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is, under section 22(k) * * * stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection." 26 U.S.C.A. § 23.

Petitioner, after decree made the following payments to Mrs. Blum under the terms of the contract: in the year 1942, Thirteen Thousand ($13,000) Dollars; in 1943, Eight Thousand ($8,000) Dollars and in 1944, Twelve Thousand ($12,000) Dollars. In his income tax returns for those years, petitioner claimed the amounts paid as deductions for alimony except that the deduction claimed for 1942 was only Twelve Thousand ($12,000) Dollars because under the Revenue Code he could not claim in any given year an amount larger than ten per cent of the principal sum of One Hundred and Twenty Thousand ($120,000) Dollars.

The Commissioner of Internal Revenue determined that the payments to Mrs. Blum were not allowable deductions under the Internal Revenue Code. A petition for redetermination of the deficiencies as determined by the Commissioner was filed in the Tax Court of the United States.

It was there decided that the contract, although dated February 27, 1935, was without effect until the decree of divorce was actually enrolled or entered. That as a consequence the final payment date, March 1, 1945, was less than ten years from the effective date on which the decree was en-

rolled, namely March 2, 1935, and that the petitioner was not entitled to the deductions claimed.

■ As we have already pointed out, it is admitted by both petitioner and respondent that the decree of divorce was actually signed by the Trial Judge on February 28, 1935. The Chancellor himself testified to that effect in these proceedings. Under such a state of facts the law in Illinois is clear. A judgment or decree in that State is effective the moment it is pronounced or entered by the court.

In People ex rel. McDonough v. Jarecki, 352 Ill. 207, on page 210, 185 N.E. 570, on page 571, the Supreme Court of Illinois said:

"* * * A judgment at law becomes effective as soon as it is pronounced by the court. In the nature of things a judgment must be rendered before it can be entered. And not only that, but though the judgment be not entered at all, still it is none the less a judgment. The omission to enter it does not destroy it, nor does its vitality remain in abeyance until it is put upon the record. The entry may be supplied, perhaps after the lapse of years, by an order *nunc pro tunc* Black on Judgments, § 106. *It dates from the time it was pronounced and not from the time it was entered upon the record by the clerk.*" (Citing cases.) "The rendition of the judgment is the act of the court and can ordinarily be proved only by the record. *The judgment exists, however, from the time the court acts, even though it has not been formally written by the clerk. The statute contemplates that judgments, decrees, and orders may not be immediately entered of record.* Smith-Hurd Rev.St.1931, c. 25, §§ 14, 15. Judicial notice is taken that the record is frequently not enrolled during the term at which an order is made or judgement rendered."

■ We must therefore conclude that the decree divorcing Tillie Blum and petitioner became effective on February 28, 1935, the day on which it was actually signed by the Chancellor. This conclusion is, of course, decisive of the problem presented by this record.

Nevertheless we feel it proper to state that in our opinion, under the facts and circumstances of the case, the obligation of petitioner, Harry Blum, to pay the designated sums to his former wife arises from the contract of February 27, 1935. And that contract was incident to and a concomitant of the decree dissolving their marital relationship. The Superior Court of Cook County adopted the contract of February 27 and reserved jurisdiction for the purpose of enforcing the terms, conditions, provisions and obligations contained in said contract.

Plainly the last payment on the principal sum One Hundred Twenty Thousand ($120,000) Dollars was to be made on March 1, 1945, or in the words of Section 22, "within a period ending more than ten years from the date of the instrument."

The decision of the Tax Court is therefore reversed.