COMMISSIONER OF INTERNAL REVE-
NUE v. BLUM.

No. 10078.

United States Court of Appeals
Seventh Circuit.

Feb. 9, 1951.

Rehearing Denied March 21, 1951.

See also 177 F.2d 670.

Theron Lamar Caudle, Asst. Atty. Gen.,
Ellis N. Slack, A. F. Prescott, Maryhelen

Wigle, Hilbert P. Zarky, Special Asst. to
the Atty. Gen., for petitioner.

George L. Weisbard, Chicago, Ill., for re-
spondent.

Before KERNER, FINNEGAN and
LINDLEY, Circuit Judges.

FINNEGAN, Circuit Judge.

The Commissioner of Internal Revenue
files this petition for review of a decision
of the Tax Court of the United States.

It involves asserted deficiency in income
taxes of the respondent, Tillie Blum, in the
amounts of $5,218.30 and $4,384.21, respec-
tively, for the years 1943 and 1944. The
petition was filed on October 29, 1948, un-
der the provision of Section 1141(a) of the
Internal Revenue Code, as amended, 26
U.S.C.A. 1141(a).

In the years 1942,[1] 1943 and 1944, the
taxpayer Tillie Blum, received certain pay-
ments provided for in an agreement with
her former husband, which agreement was
incorporated by reference in a divorce de-
cree entered in the Superior Court of
Cook County, Illinois.

The question here presented is whether
the Tax Court erred in holding that these
payments were not properly includible in
the gross income of the taxpayer, Tillie
Blum, under Sections 22(k) and 23(u) of
the Internal Revenue Code.

The taxpayer and Harry Blum were
married in 1914. They resided at all times
material herein in Chicago, Illinois.

Harry Blum filed suit for divorce against
his wife in the Superior Court of Cook
County, Illinois, on February 29, 1932. She
appeared, filed her answer and a cross bill
for separate maintenance.

The cause remained pending and undis-
posed of in the Superior Court until 1935.

On February 27, 1935, the said Harry
Blum and his wife, Tillie Blum, executed
a contract, called a Settlement Agreement.

The agreement recites that the wife, Til-
lie Blum, on said 27th day of February
1935, filed an amendment to her cross com-
plaint for separate maintenance in and by

---

1. Here involved because of the Current Tax Payment Act of 1943.

which she prayed for a divorce from Harry Blum on the same grounds she had already set forth as a basis for her prayer for separate maintenance. The agreement provides that it shall become effective only when and if the Superior Court of Cook County, on consideration of the cross bill as amended, and the evidence adduced in support thereof, shall enter a decree severing the bonds of matrimony between said parties. In that event the husband undertakes and promises to pay to Tillie Blum the sum of One Hundred and Twenty Thousand ($120,000) Dollars, in the following manner: Seventy-Five Hundred ($7500) Dollars on or before March 1, 1936, and a like sum of Seventy-Five Hundred ($7500) Dollars on or before the first day of March in each and every year thereafter for the next succeeding eight (8) years with a final payment of Fifty-Two Thousand Five Hundred ($52,500) Dollars on or before March 1, 1945. Under the terms of the agreement, petitioner had the right to make prepayments in multiples of Twenty-Five Hundred ($2500) Dollars at any time thereafter in addition to all installments due under the instrument. He also agreed to pay Tillie Blum interest at 5% per annum on the balance of the principal sum remaining unpaid from time to time. The interest was payable in equal monthly installments beginning April 1, 1935.

The agreement further provides that in addition to said sum of $120,000, Harry Blum agrees to pay to Tillie Blum a sum of money equal to thirty-three and one-third (33⅓) per cent of the amount realized from assets belonging to him, designated and set forth in an attached Exhibit "A" and referred to as "Personal Assets." In order to secure payment to his wife of said one-third interest, Harry Blum agrees, contemporaneously with the execution of the agreement, to transfer, assign and set over, all his interest in said "Personal Assets" to trustees named in the agreement, who are to proceed to liquidate said "Personal Assets" and are by the agreement given power to reduce said "Personal Assets" to possession and all necessary rights and powers to the end that said "Personal

Assets" may produce the greatest sum possible. It is provided that the trustees shall make distribution of the proceeds of said "Personal Assets" monthly beginning April 1, 1935. Harry Blum is required to supply the cash and face value of all items listed in "Exhibit A" which he fails to account for to the trustees, he having the right to turn over to the trustees the face value of any items in cash when he desires to retain such items.

It is provided that said sum of $120,000 and said one-third interest in the "Personal Assets" shall be paid over to the wife, Tillie Blum, in any event, regardless of the death of either of the parties or the remarriage of the wife. The undertakings of the husband are made binding upon his representative and assigns, and he agrees that they shall be a charge against his estate in the event of his death.

To secure the payment of said $120,000, the husband agrees to deposit with the trustees six hundred shares of the capital stock of Philip Blum & Company, Inc., to be dealt with by them in accordance with attached "Exhibit B."

The husband further agrees to pay his wife's attorneys' fees and also an auditor's fee, and all the household furniture is to become the sole and exclusive property of the wife.

The agreement further provides that Tillie Blum, the wife, shall be saved and indemnified from all liability on certain notes in the execution of which she joined with Harry Blum, and which are secured by a mortgage on certain real estate in Cook County.

It is further provided that Tillie Blum shall have the care, custody, control, and education of the minor child of the parties, Marjorie Blum, the husband having the right of visitation. The wife is to provide a home and food for the child. The husband, at his expense, shall provide clothing, schooling, entertainment, medical and dental attention, and all other reasonable requirements of a child in her station in life.

*It is provided that in the event the Superior Court shall see fit to enter a decree in*

accordance with the prayer of the wife's amended cross bill, this agreement shall be made and become a part of said decree by reference. Such decree shall contain appropriate provisions that the court retain jurisdiction of the cause only for the purpose of enforcing and carrying out the provisions of this agreement.

The wife, Tillie Blum, agrees to and does accept the provisions made as a settlement and determination of all right, title, claim and interest in and to any and all of the property of the husband, and in lieu of all her rights to alimony and support for herself.

The husband agrees to and does waive all right in the property of Tillie Blum by dower, homestead, jointure, or otherwise.

The Tax Court, in the record here under review, finds as a fact that a divorce was granted to Tillie Blum in the Superior Court action upon her amended cross bill, and that the decree was "entered of record" on March 2, 1935. It finds that the decree has never been modified.

The decree of divorce, as "entered of record" provides: "That the plaintiff and the defendant have, without any collusion or agreement as to the divorce, settled and adjusted their respective property rights and all the demands of the defendant to alimony and support from the plaintiff; that the said plaintiff and the said defendant have exhibited to the court a property settlement contract dated the 27th day of February, 1935, which by reference is made a part of this decree, with the same force and effect as though the same was fully incorporated herein and made a part hereof; and the court finds that the said property settlement contract is just and equitable and was entered into in good faith, between the parties therein mentioned, and that the said property settlement contract was not executed for the purpose of obtaining a divorce or as a collusion to obtain a divorce."

The decree orders: "That the plaintiff, Harry Blum, and the defendant, Tillie Blum, perform and carry out all the terms, provisions, conditions and obligations set forth in that certain property settlement contract entered into between them on the 27th day of February, 1935, and hereinabove referred to in Finding 6, and which property settlement contract, by reference thereto, is made a part of this decree, with the same force and effect as if fully set out herein; and the court reserves jurisdiction only for the purpose of enforcing the terms, conditions, provisions and obligations contained in said contract, upon application of either of the parties hereto; and for all other purposes this decree shall be and is hereby made final and no further jurisdiction is reserved."

It will be noted from the portion of the decree which we have quoted and emphasized, that the agreement of February 27, 1935 is incorporated in the decree by reference. The provisions of the agreement which are to be performed and carried out are not explicitly set down in the decree. As a matter of fact, the only provisions of said agreement which are repeated in the decree "entered of record" on March 2, 1935, are those to the effect that Tillie Blum shall have the care, custody, control, and education of the minor child of the parties, Marjorie Blum, with right of visitation in the husband, Harry Blum. Even in this connection, the decree itself says nothing whatever about the undertaking which Harry Blum makes in the contract of February 27, 1935, to the effect that he shall pay for and provide and furnish clothing, schooling, entertainment, medical and dental attention, and all other reasonable requirements of a child in her station in life for the said Marjorie Blum.

The decree makes no provision that the defendant, Harry Blum, shall pay any sum of money or deliver any property to Tillie Blum at any time.

The obligation to make payment of the $120,000 arises from and rests upon the contract of February 27, 1935. So all payments required to be made under the terms of said contract arise from that agreement.

The court specifically reserves jurisdiction in the cause "only for the purpose of enforcing the terms, conditions, provisions

**180**

and obligations contained in said contract upon application of either of the parties hereto; and for all other purposes this decree shall be and is hereby made final, and no further jurisdiction is reserved."

Under the circumstances therefor, we have no hesitancy in holding that the periodic payments to Tillie Blum under said decree were incurred by and imposed upon the husband, Harry Blum, under the terms of the contract of February 27, 1935, and are therefore under Section 22(k) of the Internal Revenue Code of the United States includible in the gross income of such wife. It follows necessarily that the husband was entitled, under Section 23(u) of the Internal Revenue Code of the United States, to deduct the payments on the installments of $120,000 made to the wife under the same contract. Blum v. Commissioner, 7 Cir., 177 F.2d 670, 673.

In that case, this same contract between Tillie Blum and Harry Blum was before this court on petition to review a finding of the Tax Court which had denied to Harry Blum the right to make deductions for installments paid under the agreement of February 27, 1935. We there said: "We feel it proper to state that in our opinion, under the facts and circumstances of the case, the obligation of petitioner, Harry Blum, to pay the designated sums to his former wife arises from the contract of February 27, 1935. And that contract was incident to and a concomitant of the decree dissolving their marital relationship. The Superior Court of Cook County adopted the contract of February 27 and reserved jurisdiction for the purpose of enforcing the terms, conditions, provisions and obligations contained in said contract."

Harris v. Commissioner, 340 U.S. 106, 71 S.Ct. 181, cited by respondent, involved a gift tax assessed by the Commissioner of Internal Revenue on the amount by which the value of property transferred to the husband exceeded that received by the wife under a post-nuptial agreement conditioned upon the entry of a decree of divorce in Nevada. The divorce court approved the agreement and entered a decree of divorce. In our opinion, the Harris case has no proper application to the cause here under review.

The decision of the Tax Court is therefore reversed.