Harold J. LEHMAN and Sadye Bell Lehman

v.

UNITED STATES of America.

No. 55 C 1402.

United States District Court
N. D. Illinois, E. D.
March 8, 1956.

Rosenthal & Schanfield, Chicago, Ill., for plaintiffs.

Robert Tieken, U. S. Atty., Chicago, Ill., for defendant.

LA BUY, District Judge.

The complaint herein is brought by taxpayers, husband and wife, to recover overpayment of income tax for the years 1946, 1947, 1948 and 1949. It is alleged that on January 6, 1945, the plaintiff wife and her former husband executed an agreement providing for a lump sum property settlement and alimony, which agreement was incorporated by reference in a decree of divorce entered February 8, 1945; that moneys received by the wife thereunder were reported in her returns for 1946 and 1947, and in 1948 were reported in the joint return of plaintiffs; that for the year 1949 no report of such income was made and upon assessment of a deficiency against the taxpayers on that ground the additional assessment was paid by the plaintiffs.

Both plaintiffs and defendant have filed cross motions for summary judgment. There is no dispute as to the facts set forth above nor is there any disagreement as to the express terms of the settlement agreement executed January 6, 1945.

The applicable section of the 1939 Internal Revenue Code is § 22(k), 26 U.S.C.A. § 22(k), and provides, in its pertinent part, as follows:

" * * * Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument, * * *."

Under this section periodic payments constitute income to the wife whereas installment payments do not unless they may be spread over a period of more than ten years; if the final payment is made within ten years, the payments are not considered periodic payments.

Determination of the tax liability in the instant case depends upon an interpretation and construction of the contract entered into between the plaintiff wife and her former husband on January 6, 1945.

█ At the outset, there is no serious dispute as to the date when the obligation to make payment of the $87,000 lump sum settlement arises. The taxpayers have suggested that the date of the divorce decree entered February 8, 1945 should be the governing date for the commencement of the ten year period, but also submits that even if the governing date was January 6, 1945 the last payment was due within the ten year period. Under the statutory provision the governing date is the date of the instrument or the decree. The terms of the settlement agreement provided that it was "binding upon the signing of same" and was to be offered for approval in the suit for divorce and incorporated in the decree. The obligation to make payment arises from and rests upon the contract which provides that such obligation is immediately incurred upon the signing of the instrument and is therefore effective January 6, 1945. See Blum

v. Commissioner, 7 Cir., 1951, 187 F.2d 177.

The provisions of the settlement agreement recite that the parties considered it to their best interests to settle between themselves their respective rights of property growing out of the marriage and

"3. The Husband agrees to pay to the wife and she agrees to accept, as a lump sum property settlement and alimony in gross in full of her right, title and interest of every kind, nature, character and description whatsoever, in and to the property, income or estate which the Husband now owns, or may hereafter acquire, the sum of Eighty-seven Thousand Dollars ($87,000.00), payable in periodic payments during a period ending more than ten (10) years, as follows: Seven Hundred Twenty-five Dollars ($725.00) on the 15th day of January, 1945, and a like amount on the 15th day of each and every month thereafter until said Eighty-seven Thousand Dollars ($87,000.00) had been paid in full."

The agreement contained other provisions which are immaterial to the question presented by the motions for summary judgment.

If the fixed schedule of payments set forth in the agreement is mathematically computed, the last payment was due on December 15, 1954, or a period of nine years and twenty-one days after January 6, 1945. Therefore, the total sum of $87,000 was not payable "during a period ending more than ten (10) years."

█ It is a basic and elementary principle of contract construction that apparently conflicting provisions of a contract must be reconciled, if that is possible by any reasonable interpretation. In urging the application of that doctrine, the government states that the phrase "during a period ending more than ten (10) years" when reconciled with the fixed schedule of payments

means that under the terms of the contract the last payment was not due and owing until January 14, 1955, or a period of ten years and eight days after January 6, 1945. The court is of the opinion that a reconciliation of these conflicting clauses in the manner suggested by the government is untenable. An obligation to pay on a specified date, i. e., "on the 15th day of each and every month", can not be interpreted to mean a later date.

 The two clauses are irreconcilable. Resort must be had to other principles of contract interpretation. Where two clauses conflict, it is the duty of the court to determine which of the two clauses most clearly expresses the chief object and purpose of the contract. In such instances, a helpful rule, frequently applied in resolving apparent inconsistencies is that where a clause is general and broadly inclusive in character and another clause is more limited and specific in its coverage, the latter should generally be held to operate as a modification and pro tanto nullification of the former. In the instant case the settlemen agreement required the payment of $87,000 in order to effect the settlement agreement required the payment the parties. This was the purpose and objective of the parties. A clause which requires something to be done to effect the purpose of the contract is entitled to greater consideration than one which does not. The use of the general phrase "during a period ending more than ten (10) years", which is ambiguous and uncertain, must yield to the more specific designation of scheduled payments. Under the terms of the contract the amounts and dates of payment are fixed and when carried through mathematically the payment of the total sum of $87,-000 is completed on December 15, 1954.

The court is of the opinion that performance of the obligation under the contract was completed on December 15, 1954, and the final payment, therefore, was due and owing in a period of less than ten years. The plaintiffs are en-titled to a refund of the taxes' paid for the years involved.

The plaintiffs' motion for a summary judgment is sustained and the government's motion for a summary judgment is denied. An order in accord herewith has this day been entered.