**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**Marie M. NEWMAN, Respondent.**

**No. 15763.**

United States Court of Appeals Eighth Circuit.

Oct. 17, 1957.

Carolyn R. Just, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Ellis N. Slack and Harry Baum, Attys., Dept. of Justice, Washington, D. C., on the brief), for petitioner.

Harry A. Morris, Kansas City, Mo. (E. Frederick Beihl, Kansas City, Mo., on the brief), for respondent.

Before GARDNER, Chief Judge, and JOHNSEN and VOGEL, Circuit Judges.

GARDNER, Chief Judge.

This matter is before us on petition of the Commissioner of Internal Revenue to

review a decision of the Tax Court of the United States. The Commissioner determined deficiencies in respondent's income tax for the years 1946 through 1953, occurring by reason of her failure to include in her gross income for such years certain alimony payments received by her.

Respondent and Floyd R. Newman were married in Cleveland, Ohio, February 28, 1934, and thereafter continuously resided together as husband and wife until on or about January, 1945, at which time Floyd R. Newman left their home for Reno, Nevada, to establish residence for divorce proceedings. Thereafter, and apparently before the husband had established his residence at Reno, Nevada, respondent brought suit for divorce in the State of Ohio. Following this action on her behalf negotiations were carried on with a view of settling the property rights of the parties, during which Floyd R. Newman, through his attorneys, prepared and sent to respondent's attorneys a proposed property settlement agreement. The agreement was signed by respondent but left with her attorney with directions not to deliver the same as she wished to look it over and give it further consideration. Apparently a duplicate of the agreement was also signed by Floyd R. Newman. The court in its decree recites that a property settlement agreement had been signed by the parties and it is recited that a copy of the agreement is attached to the decree but it is not incorporated as a part of the decree. The agreement provides in part as follows:

"2. In the event the marriage of Floyd R. Newman and Marie M. Newman is dissolved by divorce, as a result of the said action instituted by Marie M. Newman as hereinabove set forth, Floyd R. Newman agrees that he will pay to Marie M. Newman the total sum of One Hundred Fifty Thousand Dollars ($150,000.-00), the same to be hers absolutely, which said sum is to be paid in eleven (11) different installments, the first of which said installments shall be Fifty Thousand Dollars

($50,000.00) and shall be due and payable immediately upon the entry of a final decree of divorce in said action; and the balance of said sum, to wit: One Hundred Thousand Dollars ($100,000.00), shall be payable in ten (10) equal annual installments of Ten Thousand Dollars ($10,000.-00) each, the first of which said installments shall become due and payable one year from the date of the entry of a final decree of divorce and the remainder of said installments shall become due and payable at yearly intervals until the total sum of One Hundred Fifty Thousand Dollars ($150,000.00) has been paid in full. It is understood and agreed that the said total sum of One Hundred Fifty Thousand Dollars ($150,-000.00) shall be in full and complete settlement and shall be in lieu of all claims for alimony and all rights and claims whatsoever in or to the estate or property, of whatever nature, legal or equitable, whether now owned or hereafter acquired, of said Floyd R. Newman, and the payment of said sum by Floyd R. Newman, his heirs, executors, or administrators, to the said Marie M. Newman, her heirs, executors or administrators, shall be in full and complete discharge of all duties and obligations of whatever nature owing to the said Marie M. Newman by the said Floyd R. Newman. Said deferred installments shall bear no interest. * * * "

The agreement also provided that in order to secure payment of the deferred installments of alimony the husband was to pledge various promissory notes issued to him and certain policies of life insurance on his life which were then subject to a prior lien in the approximate amount of $333,000.

The decree as entered contains a number of material provisions with reference to property rights of the parties not contained in the property settlement agreement; for instance, the property settlement agreement made no provision for the possibility of her death or remarri-

age prior to completion of alimony payments. Being in ill health she desired that should anything happen to her that payments would be made to members of her family and accordingly such provision was incorporated as paragraph nine of the decree as follows:

"9. The installments of alimony herein provided for shall be paid to the plaintiff regardless of whether she marry again, and in the event that the plaintiff should die before all of said installments of alimony have been paid in full, the remainder of said installments of alimony shall be paid to the personal representative of the plaintiff as they become due and payable."

A fifty thousand dollar life insurance policy was to be pledged as security by Mr. Newman but taxpayer learned it was subject to a lien and she thereupon demanded that the policy be cleared and accordingly paragraph three of the divorce decree specifically provides that the policy should be free and clear of all encumbrances at the time of assignment. The agreement also contained provision for pledging various notes and other encumbered life insurance policies but at taxpayer's demand paragraph three of the decree provides that specific promissory notes were to constitute the additional security. There was no provision in the agreement for the payment of household bills. At taxpayer's insistence paragraph ten of the decree supplies this omission by providing that:

"10. The routine household bills such as light, heat, etc., which it has been the custom in the past for the defendant to pay direct, shall be paid by the defendant up to the date of this decree."

There were further provisions inserted in the decree not contained in the agreement relative to certain other debts. It is noted that jurisdiction of the divorce court is retained only to "enforce the orders herein made"—not the provisions of the agreement.

Section 22(k) of the Internal Revenue Codes of 1939 (26 U.S.C. 1952 ed., Sec. 22) prescribes the conditions under which alimony payments are includible in the wife's taxable income. Periodic payments of alimony are taxable to the wife. However, installment payments discharging a part of a principal sum specified in a divorce decree or a written instrument incident to the divorce are not considered periodic payments and therefore are not to be included in the wife's income unless the principal sum may be or is to be paid within a period ending more than ten years from the date of the decree or instrument. In such cases, the installment payments are considered periodic, with certain limitations not here material.

In this connection it is to be observed that the agreement was dated February 13, 1945, while the decree was dated and entered February 16, 1945. If the payments of alimony were made pursuant to the agreement then the payments would be considered periodic payments because payable within a period ending more than ten years from the date of the agreement. If, however, the payments were made pursuant to the provisions of the divorce decree then they would constitute installment payments because payable within a period ending not more than ten years from the date of the decree and, hence, would not be includible as a part of her gross income. The Tax Court found as a fact that the alimony payments were paid pursuant to the provisions of the divorce decree rather than the agreement and that they therefore were improperly included by the Commissioner in respondent's gross income for the taxable years involved. It is conceded that if the Tax Court properly found under the evidence that the payments were made pursuant to the provisions of the divorce decree then they were not taxable to respondent. The finding is presumptively correct and should not be disturbed unless shown to be clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.; Card v. Commissioner of Internal Revenue, 8 Cir., 216 F.2d 93; Omaha Nat. Bank v. Commissioner of Internal Reve-

nue, 8 Cir., 183 F.2d 899. In Card v. Commissioner of Internal Revenue, supra [216 F.2d 96], it is said, inter alia:

"* * * findings of the Tax Court are conclusive upon the Court of Appeals unless clearly erroneous."

■ The question before the Tax Court was whether the payments were made pursuant to the property settlement agreement or pursuant to the divorce decree. Did the evidence show that the property settlement agreement contained all the essential provisions of their agreement, or did it show that the final and complete terms of their settlement were to be found only in the divorce decree? As heretofore noted the clear and uncontroverted evidence adduced before the Tax Court unerringly showed that the property settlement agreement was supplemented and materially changed by the provisions of the divorce decree. The divorce decree superseded the property settlement agreement and was the only document containing all the agreed-upon terms of settlement between the respondent and her husband. Respondent testified that she was not satisfied with certain terms of the property settlement agreement, that they were changed to conform with her wishes and that the ultimate terms of their settlement as she understood them were contained in the divorce decree. Apparently both parties to the property settlement agreement desired some changes and these changes were effected by provisions of the divorce decree. It is significant too that the court retained jurisdiction only for the purpose of enforcing the provisions of the divorce decree. It is to be noted in passing too that the husband stated that he made the payments pursuant to the divorce decree. This is manifest by respondent's exhibit number four, a letter from respondent's husband in which he states that payment is made " * * * under terms of existing divorce decree." It thus appears that both respondent and her husband considered payments to be due and payable under the provisions of the divorce decree.

The Commissioner places great reliance on Commissioner of Internal Revenue v. Tillie Blum, 7 Cir., 187 F.2d 177, and its companion case, Harry Blum v. Commissioner of Internal Revenue, 7 Cir., 177 F.2d 670. The cases are readily distinguishable in their facts, for instance, in Commissioner of Internal Revenue v. Tillie Blum, supra, the decree provided that the parties were to carry out their previously executed agreement, whereas in the instant case the decree provides for enforcing the provisions of the decree, not the provisions of the agreement. Again, in the Tillie Blum case the court recited that it retained jurisdiction *only for purposes of enforcing the provisions of the contract* or agreement, whereas in the instant case the court retained jurisdiction only to "enforce the orders herein made." While the decree in the Tillie Blum case provided that the husband should have custody of the child, it contained no provision as to his providing for the child's needs. This again was dependent upon the contract. In the cited case the decree made no provision that the husband was to pay any sum of money or deliver any property to the wife at any time but this obligation arose from and rested entirely upon the property settlement agreement. In the instant case, as we have already pointed out, there are numerous material provisions contained in the decree not contained in the property settlement agreement, whereas in the cited cases the obligations of the parties were determined entirely by the agreement which was incorporated into and made a part of the decree. So far as the decree in the Blum cases had reference to the financial relations of the parties it in effect was a decree of specific performance of the property settlement agreement. We think the contention of the Commissioner finds no support in the Blum cases.

The judgment of the Tax Court is therefore affirmed.