Estate of Fred L. Spicknall, Deceased, Katherine Spicknall, Administratrix, and Katherine Spicknall v. Commissioner.
Estate of Spicknall v. Commissioner
Docket No. 64200.
United States Tax Court
T.C. Memo 1959-213; 1959 Tax Ct. Memo LEXIS 34; 18 T.C.M. (CCH) 1029; T.C.M. (RIA) 59213; November 9, 1959
*34 Held: That monthly payments made by Fred Spicknall to his former wife during the years 1952 and 1953 were not periodic payments within the meaning of section 22(k) of the Internal Revenue Code of 1939, and hence are not deductible under section 23(u) of said Code. J. A. Shaw, Esq., and T. Hartley Pollock, Esq., for the petitioners. Ivan L. Onnen, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: This proceeding involves deficiencies in Federal income tax of the petitioners for the years 1952 and 1953 in the respective amounts of $462.98 and $3,468.26. The sole issue is whether alimony payments made by Fred Spicknall to his former wife were periodic payments within the meaning of section 22(k) and hence deductible under section 23(u), Internal Revenue Code of 1939. Findings of Fact The stipulated facts are so found and are incorporated herein by this reference. At the close of the year 1952 and during all of 1953, Fred L. Spicknall and Katherine Spicknall were husband and wife residing in LaBelle, Missouri. Fred L. Spicknall and Katherine Spicknall filed a joint Federal income tax return for 1952 with the director *35 of internal revenue at St. Louis, Missouri, and filed an amended joint Federal income tax return for 1953 with the district director of internal revenue at St. Louis, Missouri. Fred L. Spicknall, one of the original petitioners herein, died in March 1958. His estate is being administered in the Probate Court of Lewis County, Missouri. Katherine Spicknall is the duly appointed and acting administratrix of said estate by authority of said probate court. Katherine Spicknall was the second wife of Fred L. Spicknall. His first wife was Maude Spicknall, whom he married at Lewiston, Illinois, on December 18, 1930. In September 1946, Fred L. Spicknall and Maude Spicknall were separated from each other and thereafter lived apart. Fred L. Spicknall as first party and Maude Spicknall as second party entered into a written Separation Agreement on June 4, 1949, which provided in part as follows: "(3)(a) There hereby is a complete waiver and surrender, from each to the other, of all lawfully existing rights and demands, as provided by law between husband and wife. "(b) Likewise, each waives and surrenders unto the other any surviving rights that might by law inure to each other as the *36 surviving widow or widower of the other in the event one should predecease the other. It being the intention herein to fully cover all the existing property rights of both, while living and as well all rights that may accrue at death of either or both parties. "(4) Full title is to be made to the second party by appropriate deed of the lots in LaBelle, Missouri, where second party now lives, except the small house on the south end of the above mentioned lot which is to be deeded to the son of the parties hereto, namely Jerry Spicknall. The second party is also to receive title by proper conveyance from the first party of the partial lot located across the alley from the home in which the second party now lives and which has been used as a garden in connection with the home occupied by said second party. "(5) First party is to pay to second party the sum of One hundred Fifty dollars ($150.00) per month for a full period of twelve years next ensuing from the dated base of June 1, 1949. It is further understood and agreed that the payments will be made in semi-annual payments, in advance, of Nine hundred dollars ($900.00) as of June 1, 1949, and to so continue for each six months, *37 as above during the full twelve year period. * * *
"(14) First party promises and agrees to guarantee performance on his part of this contract by a paid up policy of insurance in the amount of Twenty-five thousand dollars ($25,000) with double indemnity feature in case of accidental death. There shall be a rider attached to said policy which shall be in such form as to be acceptable to the insurance company providing that any unpaid installments under this contract at the date of the first party's death shall be payable to the second party, with the remainder, if any, of said policy to be paid equally to the two children, Jerry and Mary Rose. It is further understood that the endorsement attached to this policy with reference to the payments to be made in the event of the death of first party shall not be subject to change by the first party so long as the terms of this contract have not been fulfilled. "(15) In the event that second party should predecease first party during the life of this contract, the unpaid balance of installments of the twelve year period herein referred to shall be payable to the two children, Jerry and Mary Rose, share and share alike." The separation *38 agreement also provided, inter alia, for the education, custody, and major medical expenses of their two children, and for the assumption of outstanding indebtedness. On April 19, 1951, Maude Spicknall filed suit for divorce against Fred Spicknall in the Circuit Court of Lewis County, Missouri. On December 14, 1951, this divorce action was removed on change of venue to the Circuit Court of Marion County, Missouri. Fred Spicknall and Maude Spicknall entered into a written stipulation dated January 17, 1952, which was filed in the Circuit Court of Marion County on January 19, 1952, and provided as follows: "WHEREAS, the parties, plaintiff and defendant, have heretofore and on the fourth (4th) day of June, 1949 entered into a separation agreement, marked Exhibit 'A' and made a part of plaintiff's petition; and, "WHEREAS, the parties have agreed that Paragraph 5 of said original separation agreement be modified; "NOW THEREFORE, it is agreed that Paragraph 5 of the separation agreement, marked Exhibit 'A' and made a part of plaintiff's petition, shall be modified and, when and so modified, shall read as follows: "(5) First Party is to pay to Second Party the sum of Three Hundred *39 Dollars ($300.00) per month for a period of Ten (10) years, ensuing from the date of the decree of divorce in this case. The first monthly payment of Three Hundred Dollars ($300.00) shall be made Thirty (30) days after the date of the decree herein and each succeeding Three Hundred Dollar ($300.00) payments [sic] shall be made on the same date of each succeeding month thereafter, until One Hundred Twenty (120) monthly payments have been made; and that the court shall enter a decree for the payment of such monthly payments in accordance with this provision." The Marion County Circuit Court held a hearing in the aforesaid divorce action on January 19, 1952, and on the same day entered a decree granting Maude Spicknall a divorce from Fred Spicknall. The circuit court incorporated in its decree the written separation agreement and stipulation dated June 4, 1949, and January 17, 1952, respectively, and made the same a part of such decree. The decree provided in part as follows: "The court doth find that the parties hereto have heretofore and on the 4th day of June, 1949 entered into a separation agreement in writing, and that the parties have this day filed in court their stipulation *40 modifying the fifth paragraph of the original separation agreement, which fifth paragraph as provided by the modifications, reads, when so modified, as follows: "'(5) First Party is to pay to Second Party the sum of Three Hundred Dollars ($300.00) per month for a period of Ten (10) years, next ensuing from the date of the decree of divorce in this case. The first monthly payment of Three Hundred Dollars ($300.00) shall be made Thirty (30) days after the date of the decree herein and each succeeding Three Hundred Dollar ($300.00) payments [payment] shall be made on the same date of each succeeding month thereafter, until One Hundred Twenty (120) monthly payments have been made; and that the court shall enter a decree for the payment of such monthly payments in accordance with this provision.' * * *
"WHEREAS, it is ordered, adjudged and decreed that the original separation agreement, dated June 4, 1949, be and the same is hereby approved, and a stipulation filed this 19th day of January, 1952 modifying paragraph 5 of the original separation agreement as set out above, is in all things approved, and the provisions of both such agreements are made a part of this decree; that *41 plaintiff be and she is hereby finally divorced from the defendant; and that the plaintiff have and recover of the defendant the sum of Three Hundred Dollars ($300.00) per month for a period of ten (10) years next ensuing from the date of this decree of divorce, the first monthly payment of Three Hundred Dollars ($300.00) being due and payable the 19th day of February, 1952 and Three Hundred Dollars ($300.00) on the 19th day of each succeeding month thereafter until 120 monthly payments of Three Hundred Dollars ($300.00) have been paid, and that plaintiff have execution therefor." In 1952, subsequent to said divorce, Fred Spicknall married petitioner Katherine Spicknall. During the year 1952, subsequent to the decree of divorce, Fred Spicknall made eleven monthly payments to Maude Spicknall, each in the amount of $300, or a total of $3,300. During the year 1953 he made twelve monthly payments to Maude Spicknall, each in the amount of $300, or a total of $3,600. On their joint Federal income tax returns for the years 1952 and 1953, Fred Spicknall and Katherine Spicknall deducted the aforesaid amounts of $3,300 and $3,600, respectively. The obligation of Fred Spicknall to make *42 120 monthly payments of $300 to Maude Spicknall was imposed by the decree of divorce dated January 19, 1952. Opinion The only issue for our decision is whether monthly payments made by Fred L. Spicknall to his former wife in 1952 and 1953 are deductible under sections 22(k) and 23(u) of the 1939 Code. Section 23(u) allows a husband, described in Section 22(k), to deduct those amounts includible in the gross income of his wife under section 22(k). Insofar as here pertinent, section 22(k) provides that a wife divorced under a decree of divorce shall include in her gross income periodic payments received subsequent to the decree in discharge of a legal obligation imposed under such decree or under a written instrument incident to such decree. Section 22(k) further provides that an installment payment shall be considered a periodic payment if the principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than ten years from the date of such decree or instrument. Both parties agree that the terminal date of the last payment is January 19, 1962. Petitioners contend that the legal obligation of Fred Spicknall to make payments of $300 *43 per month to his former wife arose as of January 17, 1952, under the stipulation of January 17, 1952, which modified the separation agreement of June 4, 1949, and that therefore the requirement of a period of more than ten years is satisfied. On the other hand, it is respondent's position that the legal obligation to make the $300 monthly payments was imposed by the decree of divorce and that payments thereunder, being payable within a period of not more than ten years from the date of the decree, are not deductible under section 23(u). We agree with respondent's position. The stipulation of January 17, 1952, bears the caption of the divorce proceeding and was filed as a part of such proceeding. It provides for the payment of $300 per month for a period of ten years "ensuing from the date of decree of divorce." In stipulating that "the Court shall enter a decree for the payment of such monthly payments in accordance with this provision" of the stipulation, it is clear that the legal obligation to make the payments was intended to be one imposed by the decree of the court. The decree entered not only incorporated the stipulation and the previous agreement, but it provided that "the *44 plaintiff have and recover of the defendant" the stipulated sums and further directed that "the plaintiff have execution therefor." These provisions are further evidence that the obligation was intended to be and was imposed by the decree. It is also to be noted that the provision of the stipulation referred to provided for the payment of $300 per month for a period of ten years "ensuing from the date of the decree of divorce." It is therefore obvious that the date of the decree was not only intended to be, but is in fact, the effective date of the legal obligation. The stipulation itself imposed no legal obligation and was completely ineffective without the decree. In our opinion the legal obligation to make the $300 monthly payments was clearly imposed by the divorce decree. Since, as directed by the decree, the first monthly payment became due and payable February 19, 1952 (not February 18, 1952, as would have been the case under paragraph 5 of the separation agreement as modified by the stipulation), and the last of the 120 monthly payments will become due and payable January 19, 1962, it is likewise clear that the monthly payments imposed by the decree are payable within a *45 period of not more than ten years from the date of the decree and, accordingly, do not constitute periodic payments within the meaning of section 22(k) and are not deductible under section 23(u). See and compare Marie M. Newman, 26 T.C. 717, affd. (C.A. 8, 1957) 248 F. 2d 473. North v. North, 339 Mo. 1226 (1936), 100 S.W. 2d 582, and the other Missouri cases cited by petitioners are of no assistance to them with respect to the question presented herein. The basic question involved in each of those cases was whether an award to the wife was an award of alimony which, under the rule in Missouri, the court could modify, or was a contractual obligation which the court was not authorized to modify without the consent of the parties thereto. We are not concerned here with the question whether the circuit court might change the decree. Though the circuit court might not have deviated from the terms stipulated, it is nevertheless the decree which imposed the obligation. Both the stipulation and the decree fixed the date of the decree as the effective date of the obligation. Under the terms of the decree the first payment became due and payable February 19, 1952 and *46 the last payment will become due and payable January 19, 1962. The period covered is obviously not more than ten years. The case of Commissioner v. Blum, (C.A. 7, 1951) 187 F. 2d 177, reversing 10 T.C. 1131, certiorari denied 342 U.S. 819, and its companion case, Blum v. Commissioner, (C.A. 7, 1949) 177 F. 2d 670, reversing a Memorandum Opinion of this Court [7 TCM 798], are clearly distinguishable. In Commissioner v. Newman, supra, the Court of Appeals for the Eighth Circuit pointed out a number of features distinguishing that case from the Blum cases. Among other things, the Court pointed out that the decree in the Blum cases, so far as it had reference to the financial relations of the parties, in effect was a decree of specific performance of the property settlement agreement previously entered into. This distinction is likewise applicable in the instant case. Decision will be entered for the Respondent.